# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

**v.**                                              **CASE NO. 3:22-CR-33-BJB**

**QUINTEZ O. BROWN**                                                 **DEFENDANT**

## MOTION AND MEMORANDUM TO DISMISS FOR LACK OF JURISDICTION OVER DEFENDANT BROWN

Comes the Defendant, **QUINTEZ O. BROWN**, (hereinafter "Brown"), by counsel, pursuant to the Fifth, Sixth, Eighth, and Tenth Amendments to the United States Constitution, as well as Rule 12(b)(2) of the Federal Rules of Criminal Procedure, and respectfully moves the Court to dismiss the prosecution against him. As grounds for this motion, Brown states as follows:

On March 28, 2022, Brown was charged in a five count Indictment with attempted murder, in violation of KRS 507.020; and four counts of wanton endangerment - - first degree, in violation of KRS 508.060. Brown was arraigned on the Indictment on April 4, 2022. The Kentucky Jefferson Circuit Court released Brown on a $100,000 bond, and an additional condition that he be confined on home incarceration. The Jefferson Circuit Court Judge the Jefferson District Court's previous finding that Brown was suffering from a significant mental illness, and incarceration would be a detriment to his physical and mental well being. Brown's case was continued to June 9, 2022 at 11:30 a.m.

On April 6, 2022, federal agents converged on the residence where Brown was serving his home incarceration. The agents entered the home and unlawfully seized and arrested Brown on a federal warrant that had not been unsealed. The federal agent's actions violated the terms of Brown's release, as ordered by the Jefferson Circuit Court. After unlawfully seizing and arresting Brown, he was transported to the Grayson County Jail and incarcerated. Brown remains incarcerated under federal custody.

On April 7, 2022, an Initial Hearing pursuant to Rule 5 of the Federal Rules of Criminal Procedure was scheduled via video Zoom. Brown objected to the hearing being conducted by video conference, as permitted under Rule 5(g) (video conferencing may be used to conduct an appearance under this rule if the defendant consents). Brown's Initial Appearance was rescheduled for an in-person hearing to be held on April 8, 2022. A prosecutor for the Government requested Brown be detained, and held in federal custody pursuant to Title 18, United States Code, Section 3142(f)(1)(A) and (B). Brown objected on two grounds: first, the Federal Court lacked jurisdiction over Brown's person, since he was being held on State criminal charges at the time federal agents unlawfully seized and arrested him;[1] second, there are conditions, or combination of conditions that will reasonably assure Brown's appearance in Court as required, as well as the safety of any other person or the community. See Title 18, United States Code, Section 3142(g) and 3142(c)(B). At Brown's request, the Court scheduled a detention hearing for April 15, 2022 at 1:00 p.m.

---

[1] During the scheduled "Initial" Hearing, the prosecutor for the Government advised the Court, and Brown, that the Government agents seized and arrested Brown without having first obtained a writ of habeas corpus ad prosequendum. Instead, the prosecutor claimed the "State" gave the federal agents "permission" to seize and arrest Brown, contrary to the order of the Jefferson Circuit Court.

The actions of the federal government, and its agents, in unlawfully seizing and arresting Brown, who suffers from a significant mental illness, violates his constitutional rights; specifically the Fifth, Sixth, Eighth, and Tenth Amendments to the United States Constitution.

The Fifth Amendment protects citizens accused of criminal offenses from being "twice put in jeopardy of life or limb;" and "without due process of law[.]" Brown is accused in the Kentucky state court of several offenses that arose from the same conduct as the allegation contained in the federal Indictment. Prosecuting him in State and Federal Court places him "twice" in jeopardy in violation of the Fifth Amendment. Moreover, permitting the federal government, and its agents, to unlawfully seize and arrest Brown - - without proper authority - - denies Brown of due process of law.

The Sixth Amendment to the United States Constitution provides an accused citizen shall have the right to a speedy and public trial; be informed of the nature and cause of the accusations against him; and have assistance of counsel for his defense. The Government's actions in unlawfully seizing and arresting Brown while his State charges were pending, and Brown was released on orders of the Jefferson Circuit Court, violates Brown's right to due process of law, and a speedy trial.

The Eighth Amendment to the United States Constitution precludes the Government from inflicting "cruel and unusual punishments." This prohibition applies with greater force where an individual is presumed innocent, and has not been convicted of any criminal offense. An Indictment is a mere accusation against an accused, and issued based only on probable cause. Two judges - - in the Jefferson District Court, and the Jefferson Circuit

Court of Kentucky - - determined Brown should not be incarcerated prior to trial based on his significant mental health issues. Brown was ordered released by the Jefferson Circuit Court, and specifically authorized to receive mental health treatment. The Government, and its agents, by unlawfully seizing and arresting Brown, and incarcerating him in a county jail prior to trial constitutes cruel and unusual punishment.

The Tenth Amendment to the United States Constitution specifically provides "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." The Commonwealth of Kentucky filed criminal charges against Brown based on allegations that he violated Kentucky law. Brown retained counsel, and subjected himself to the jurisdiction of the Kentucky Courts. Brown denied the allegations against him, and entered a plea of not guilty. The Kentucky Courts advised Brown he was presumed innocent of the accusations against him. The Kentucky Courts - - Jefferson District Court and Jefferson Circuit Court - - acting through its elected judicial officers, released Brown on conditions of home confinement. The federal government, and its agents, violated Kentucky State Law by unlawfully seizing and arresting Brown in violation of his conditions of release, and without authority to do so.

A writ of habeas corpus ad prosequendum is used in criminal cases to bring before a court a prisoner to be tried on charges other than those for which the prisoner is currently being confined. Black's Law Dictionary, Seventh Edition, p.715. In *Ridgeway v. United States*, 558 F.2d 355 (6th Cir. 1977) the Sixth Circuit discussed in detail the distinction between a writ of habeas corpus ad prosequendum and a "detainer" issued pursuant to the Interstate Agreement on Detainers and noted that "[a] history of the writ in American juris

prudence is presented in *Carbo v. United States*, 364 U.S. 611 (1961). *Id*. at 361. Noting that the writ "is one of the oldest writs available to the judiciary[;]" and that "[f]or almost 200 years the United States has utilized the writ in cases where a state prisoner was facing federal charges." *Id*. at 362. In *United States v. Hubbard*, 2020 U.S. Dist. LEXIS 208210 (W.D. Ky. 2020) the Court stated:

> A writ of habeas corpus prosequendum is the correct way to bring a prisoner under incarceration by state or federal courts to trial for alleged violations of law. (Quoting *Rose v. United States*, 365 F. Supp. 841, 834 (N.D. Ill. 1973)) (Citations omitted).
>
> "A federal writ of habeas corpus ad prosequendum is a court order directing the production of a prisoner to stand trial in federal court." (*Ridgeway v. United States*, 558 F.2d 357, 361 (6th Cir. 1977)).
>
> That status of jurisdiction and custody once a writ of habeas corpus ad prosequendum is issued can be described thus:
>
>> "The first jurisdiction to take physical custody of a suspected criminal has 'primary jurisdiction' over the suspect, which allows that jurisdiction to try, sentence, and punish the defendant before any other. Other jurisdictions may subsequently exercise 'secondary jurisdiction' by bringing charges against the same defendant for the same conduct.... When exercising secondary jurisdiction, a writ ad prosequendum allows federal and state prosecutors to obtain temporary custody of a prisoner incarcerated in another jurisdiction."
>
> Evan M. O'Roark, Note, saying "no" after Pleau: Exploring the conflict between the Interstate Agreement on Detainers Act and the federal writ ad prosequendum, 47 Suffolk U.L. Rev. 189, 191 (2014).

"When a State has primary jurisdiction over a prisoner, federal custody does not begin until the state prison officials relinquish custody upon satisfaction of the state sentence.... " The fact that [a defendant is] in federal custody pursuant to writ of habeas corpus ad

prosequendum does not divest the Commonwealth of Kentucky of primary jurisdiction over him. *United States v. Lacy*, 2017 U.S. Dist. LEXIS 98182 (W.D. Ky. 2017). (Citations omitted).

According to a prosecutor for the Government, no writ of habeas corpus ad prosequendum was issued to seize and arrest Brown while under release on terms of home confinement as ordered by the Jefferson Circuit Court. As such, Brown is being unlawfully held and detained by the federal government. This Court does not have personal jurisdiction over Brown since he has not been lawfully presented to the Court.

Accordingly, for the foregoing reasons, Brown respectfully moves the Court to dismiss the federal prosecution instituted against him.

> Respectfully Submitted,
>
> /s/ Patrick J. Renn
> Counsel for Defendant
> 600 West Main Street, Suite 100
> Louisville, Kentucky 40202
> (502) 540-5700
> (502) 568-3600 (fax)
> prenn@600westmain.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2022, I electronically filed with the Clerk of the Court by using the CM/ECF system, which will serve notice of electronic filing to all attorneys of record.

> /s/ Patrick J. Renn
> Counsel for Defendant