UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                          PLAINTIFF

v.                                                                    Criminal Action No. 3:22CR-33-BJB

QUINTEZ BROWN                                                                       Defendant

\* \* \* \* \*

## ORDER FOLLOWING ARRAIGNMENT

This matter was called in open Court on April 8, 2022, for initial appearance and arraignment. Assistant United States Attorney Amanda Gregory appeared on behalf of the United States. The Defendant appeared in custody with Pat Renn and Rob Eggert, retained counsel. The proceeding was recorded by Dena Legg, Official Court Reporter.

The Defendant was advised of his rights. As to the matter of arraignment, Defendant, by counsel, acknowledged his identity. He further acknowledged receiving a copy of the Indictment and an explanation of the nature of its charges. Defense counsel requested formal reading of the Indictment. Following a formal reading of the Indictment, the Defendant entered pleas of **NOT GUILTY** to the charges and a denial as to the forfeiture.

Accordingly, the Court **ORDERS**:

(1) **Status Conference.** This matter is assigned for a telephonic **status conference on May 5, 2022 at 11:30 a.m.** before Judge Beaton. Counsel may connect by dialing 888-363-4734 and entering access code 4268238. Should counsel need to reschedule this conference to avoid a conflict, please contact opposing counsel and propose at least two mutually convenient alternative windows by contacting chambers at Judge_Beaton_Chambers@kywd.uscourts.gov.

(2) **Pretrial Discovery and Inspection.**

(a) **No later than April 15, 2022**, the Assistant United States Attorney and defense counsel shall confer and, upon request, permit inspection and copying or photographing of all matter subject to disclosure under Federal Rule of Criminal Procedure 16.

(b) Defense counsel shall confer with the Assistant United States Attorney with a view to satisfying any additional requests for discovery or inspection in a cooperative atmosphere and without recourse to the Court. The request and response may be oral or written.

  (i) **Jencks Act material.** Jencks Act material, 18 U.S.C. § 3500, need not be furnished before trial.

  (ii) ***Brady*** **(*Giglio*) material.** The United States shall disclose any *Brady* material of which it has knowledge in the following manner. Failure to do so when the material can be used effectively at trial may result in a recess or a continuance:

  (A) pretrial disclosure of any *Brady* material discoverable under Rule 16(a)(1);

  (B) disclosure of all other *Brady* material in time for effective use at trial;

  (C) if the United States knows of *Brady* evidence but is unsure of its nature and the proper time for its disclosure, then the United States may request an *in camera* hearing.

  (iii) **Rule 404(b) evidence.** Within 21 days of the final pretrial conference, the United States shall provide notice to the defendant of its intent to use 404(b) evidence of other crimes, wrongs, or acts. The notice shall include the general nature and the permitted purpose of the evidence unless the Court excuses pretrial notice upon motion by the United States showing good cause.

(c) **Any motion for additional discovery or inspection** shall be made no later than 2 weeks following compliance by the parties with Federal Rule of Criminal Procedure 16. Any such motion shall contain a description by counsel of the informal, extrajudicial efforts taken to resolve the discovery dispute, and a certification that those efforts failed.

(d) If Federal Rule of Criminal Procedure 16(a)(1)(G) or 16(b)(1)(C) require disclosure, any **expert testimony** the United States or the Defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief, including a summary of the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications, shall be disclosed at least **seven weeks** before trial.

(e) Any expert testimony either the United States or Defendant intends to use to rebut an expert under Rule 702, 703, or 705 of the Federal Rules of Evidence shall be disclosed at least **six weeks** before trial.

(f) The Court reminds the parties of their continuing duty under Federal Rule of Criminal Procedure 16(c) to disclose additional discoverable evidence or material previously requested or ordered.

(3) **Defensive Motions.**

(a) **Generally.** All motions shall comply with Local Rule 12.1. Defensive motions, and any other motion requiring a pretrial hearing, including any motion to exclude the testimony of an expert witness pursuant to *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), shall be filed at least **five weeks** before trial.

(b) **Motions to Suppress.** Motions to suppress evidence also shall comply with Local Rule 12.1 and shall be filed **no later than 45 days after this order**. Should additional time prove necessary, counsel should file an extension motion before this deadline and explain why good cause exists. In accordance with Paragraph 3(a), motions to suppress shall comply with Local Rule 12.1(a), which requires that a motion state with particularity its grounds, the relief sought, and the legal argument necessary to support it. Further, a motion to suppress must expressly identify the exact statement(s) and/or evidence sought to be suppressed. If a motion to suppress

includes a request for an evidentiary hearing, the motion must expressly identify the factual issues in dispute.  **Motions to suppress that fail to comply with these requirements may be denied as a matter of course.**

The opposing memorandum of the United States responding to a suppression motion shall be filed in accordance with the Rule 12.1 deadlines, and in no event any later than three business days before any suppression hearing, unless otherwise ordered.

(4) **Motions for Change of Plea**.  If the defendant intends to enter a plea of guilty, defense counsel shall contact chambers and request a hearing date.  Counsel shall confer with the United States before making such a request, which should be filed no later than **14 days** before the scheduled trial date, absent good cause.  The Court will consider failure to comply with this deadline in determining whether to grant credit for acceptance of responsibility.  *See* U.S.S.G. § 3E1.1.  If the parties intend to proceed pursuant to a written plea agreement, the United States shall email a copy of the proposed plea agreement to **Judge_Beaton_Chambers@kywd.uscourts.gov** at least **1 day** before any hearing on the defendant's motion for change of plea.

(5) **Pretrial filings.** No later than 21 days before the final pretrial conference, each party shall file a trial memorandum containing:

    (a) The statute(s) involved and elements of the offense(s), with a concise but specific discussion of authorities, if disputed.

    (b) A statement of undisputed and disputed facts.

    (c) A separate statement of each disputed substantive issue of law, including citations to and discussion of authorities.

    (d) A statement of evidentiary issues the party reasonably believes will be raised at trial, together with citations to the appropriate Federal Rules of Evidence and authorities in support of the position taken.

  (e)  A statement of any known or reasonably anticipated trial problems, or other issues that may assist the Court in trying the case.

  (f)  Proposed agreed and special jury instructions. Counsel shall exchange drafts in advance and make good-faith efforts to resolve any disagreements without the Court's involvement. If counsel cannot agree on some issues, they shall contemporaneously file separate proposed instructions and verdict forms. These should address only the areas of disagreement and include citations to supporting authorities. Additional requests at trial are to be kept to a minimum.

  (g)  A reasonable number of proposed voir dire questions for the Court's use.

  (h)  Counsel shall file an exhibit list and premark for identification all exhibits intended to be used at trial. Counsel shall file a stipulation regarding the authenticity of the exhibits. Any objections to authenticity shall be raised and heard before trial.

  (i)  The United States shall submit, for the Court's *in camera* review, a proposed witness list with a brief summary of the expected testimony of each witness and an estimate the amount of time that will be required to present the testimony of each witness during the government's case-in-chief. The United States shall email the witness list to **Judge_Beaton_Chambers@kywd.uscourts.gov**.

  (j)  When trial begins, the United States shall furnish the official court reporter a list of premarked exhibits intended to be used at trial.

  (k)  The United States shall retain possession of physical exhibits (e.g., weapons, ammunition, drugs, etc.) during and after the trial, absent further orders of the Court.

  (6)  **Motions *in Limine* and Objections to Proposed Jury Instructions.** The parties shall file any motions *in limine*, including objections to portions of audio/video tapes, depositions, or proposed jury instructions 17 days before the final pretrial conference. Responses are due 5 days after (12 days before the final pretrial conference). The parties may file replies, which are optional, to address case law or specific factual assertions in the response that were not already addressed in the motion. Parties must file their replies within two days of the responses and shall limit them to no more than 5 pages, absent leave of Court. To the extent available, the parties shall

provide copies of transcripts of all audio/video tapes and deposition testimony being challenged. Objections shall include specific references to the page(s) and line(s) in question.

(7) **Compliance with Local Rules.** All motions, responses, and replies made pursuant to this Order shall comply with the requirements and time limits contained in Local Criminal Rule 12.1, except as otherwise provided in this Order or with the leave of the Court.

(8) **Trial.** After the parties complete discovery and the Court addresses any motions, the Court will set a date for trial in this matter before Judge Beaton. This District Court's plan for the qualification and random selection of jurors, General Order 2013-02, is available on the Court's website at https://www.kywd.uscourts.gov/jury-info. The names of persons assigned to jury panels and their qualification questionnaires may be disclosed to the parties seven days before trial, unless otherwise ordered, under Section 5.02 of the plan.

(9) **Detention.** A detention hearing is scheduled for **April 15, 2022, at 1:00 p.m**. in-person before the undersigned. The Defendant is remanded to custody of United States Marshals Service pending order of Court.

(10) The United States shall produce any of the *Brady* materials requested by the Defendant during the hearing that it can agree to produce, and no later than noon on **April 13, 2022**, the Parties shall file a joint status report as to whether there are any areas of dispute on which they request the Court's assistance.

April 11, 2022

Colin H Lindsay, Magistrate Judge
United States District Court

:30