UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
(electronically filed)

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | NO. 3:22-CR-33-BJB |
| QUINTEZ O. BROWN | DEFENDANT |

**MOTION TO DISMISS INDICTMENT
DUE TO PROSECUTORIAL MISCONDUCT
BEFORE THE GRAND JURY**

Comes the defendant, Quintez Brown, through counsel, and moves this Honorable Court to dismiss the Indictment against him due to prosecutorial abuse of the Grand Jury's subpoena power. In support of this Motion, Mr. Brown states the following:

As was recently discovered when Mr. Brown appeared for arraignment, the prosecutor in this case had issued a subpoena for Mr. Brown's mental health records on March 22, 2022. Mr. Brown only found out about the violation of his Psychotherapist-patient privilege at the arraignment because the United States had not notified him of the subpoena, and in fact the subpoena stated that the subpoenaed person "not notify anyone that the above information has been requested. Any such disclosure could impede the investigation being conducted and thereby interfere with the enforcement of the law," thereby ensuring that Mr. Brown, nor his attorneys, would be notified of the requested privilege violation. The subpoena states that the mental health records were requested by AUSA Amanda Gregory, and that the records should be handed over to FBI Agent Jordan Matteo. This violation of Mr. Brown's privileged records was accomplished without a judge's approval and without notice to Mr. Brown or his attorneys. The conduct that

was being investigated by the Grand Jury was the same conduct for which Mr. Brown had already been indicted by the state, thus it was a matter of record that Mr. Brown was represented by counsel.

This Court has recently acknowledged the existence of a federal psychotherapist-patient privilege. "The Supreme Court has recognized a federal-common-law psychotherapist-patient privilege, holding that confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence. […] The Supreme Court specifically rejected a balancing of the need for the information against the need for confidentiality as a test for determining whether the privilege applied." *United States v. Sheppard*, 541 F. Supp. 3d 793, 796 (W.D. Ky. 2021) (internal citations and quotation marks omitted).

Grand Juries are not empowered to violate privileges. "[W]e have held that grand juries may not use their investigatory authority to violate a valid privilege, whether established by the Constitution, statutes, or the common law. Yet, as the assertion of privilege may jeopardize an effective and comprehensive investigation into alleged violations of law, courts must ensure that the application of the privilege does not exceed that which is necessary to affect the policy considerations underlying the privilege. Thus, we have held that the government must make a preliminary showing to justify violating work-product privilege pursuant to a grand jury investigation, ***and that grand juries may not breach a valid psychotherapist-patient privilege.*** See In re Zuniga, 714 F.2d 632, 639–40 (6th Cir.1983)." *In re Grand Jury Subpoenas*, 454 F.3d 511, 519 (6th Cir. 2006) (internal citations and quotation marks omitted).

This violation of Mr. Brown's private, privileged psychotherapy records was so extreme that it shocks the conscience. There is no excuse for not having alerted Mr. Brown's attorneys of

the subpoena. The records were in no danger of disappearing, there were no exigent circumstances. There is no excuse for having the records handed over to an FBI agent instead of delivered to the AUSA or the Grand Jury. In response to the shocking violation of and utter disregard for Mr. Brown's Due Process and privacy rights, Mr. Brown requests that this Court use its supervisory powers to dismiss this indictment. Such egregious acts by the prosecutorial arm of the United States government cannot go unchecked.

**WHEREFORE**, Mr. Brown respectfully requests this Court dismiss the Indictment in this matter for prosecutorial misconduct before the Grand Jury.

**Respectfully submitted,**

/s/   *Rob Eggert*
**ROB EGGERT**
600 West Main Street
Suite 200
Louisville, Kentucky 40202
(502) 540-5700


/s/   *Patrick Renn*
**PATRICK RENN**
600 West Main Street
Suite 100
Louisville, Kentucky 40202
(502) 540-5700

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 13, 2022, the foregoing notice was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all of the attorneys of record.

/s/   *Rob Eggert*
**ROB EGGERT**