**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CRIMINAL ACTION NO. 3:22-CR-00033-BJB-1**

**UNITED STATES OF AMERICA,**                                               **Plaintiff,**

**v.**

**QUINTEZ O. BROWN,**                                                                **Defendant.**

## ORDER

During the detention hearing conducted in this matter on April 15, 2022, counsel for Defendant Quintez O. Brown requested that the pretrial services report prepared by the Probation Office be admitted as an exhibit and the United States did not object. Section 3153(c)(1) of the Pretrial Services Act of 1982 mandates that in general "information obtained in the course of performing pretrial services functions in relation to a particular accused shall be used only for the purposes of a bail determination and shall otherwise be confidential." 18 U.S.C. § 3153(c)(1). Section 3153(c)(2) directs Pretrial Services to "issue regulations establishing the policy for release of information made confidential" in certain narrow circumstances not applicable here. *Id.* § 3153(c)(1). Pursuant to those regulations, "pretrial services information must not be made part of the public record." 8A Guide to Judiciary Policy § 240.20.40(c). The regulations further provide:

    (d) Disclosure of the Pretrial Services Report

        (1) The pretrial services report must be made available to the defendant, the defendant's attorney, and the attorney for the government under the district court's practice and procedure in connection with:

            (A) a pretrial release or detention hearing;

            (B) a pretrial release revocation proceeding; or

> > (C) any judicial proceeding to modify the conditions of release.
> >
> > **Note:** Any copies of the pretrial services report disclosed under this provision must be returned to the officer at the hearing's conclusion.
>
> (2) The chief pretrial services officer or the chief probation officer supervising pretrial services may make the pretrial services report available to new or additional counsel for the defendant if such counsel:
>
> > (A) commenced representation of the defendant after the initial disclosure of the pretrial services report; and
> >
> > (B) requests review of the report in writing.
> >
> > **Note:** The request must stipulate that the purpose of the review is to prepare for a scheduled or contemplated pretrial release or detention proceeding. Any copies of the pretrial services report disclosed under this provision must be returned to the officer after inspection by counsel.
>
> (3) The pretrial services report should not be re-disclosed to other parties by defense counsel or the attorney for the government.

*Id.* § 240.20.40(c).

Under the regulations pretrial services information may only be disclosed if "authorized by confidentiality regulations or directed by a judge for good cause shown." *Id.* § 240.20.20(a). The regulations specify factors for a judge to consider before finding good cause for disclosure: "(1) any promise of confidentiality made to the information's source; (2) any harm the disclosure might cause; (3) the overall policy in favor of confidentiality; and (4) the purpose of the disclosure." *Id.* § 240.20.30(i). The regulations also direct generally that any disclosure "be limited to the minimum information necessary to carry out the purpose of the disclosure." *Id.* § 240.20.30. Here, to the extent that pretrial services information was relied upon by the Court, it was discussed during

the hearing and is therefore a matter of record. *See id.* § 240.20.40(c) ("Only information that the judge specifically relies upon in making a release or detention decision and that is otherwise unavailable should appear in the public record."). Notwithstanding the Parties' agreement during the hearing that the pretrial services report may be admitted in the record, there has been no requisite showing of good cause, and absent such showing, confidentiality is required. Therefore, the report will not be admitted, and the Court will order it stricken from the April 15, 2022 detention hearing exhibits.

Accordingly,

IT IS HEREBY ORDERED that the pretrial services report is **STRICKEN** from the record. The Clerk of Court is directed to remove the report from the exhibits to the April 15, 2022 detention hearing and return any copy of the report to the Probation Office. The Parties shall not disclose any finding set forth in the pretrial services report except to the extent that they have been disclosed in the public record.

Colin H Lindsay, Magistrate Judge
United States District Court

April 18, 2022
cc: Counsel of record

3