UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA           PLAINTIFF

vs.                                 NO. 3:22-CR-33-BJB
                                    *Electronically Filed*

QUINTEZ O. BROWN                    DEFENDANT

## UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO PRESERVE EVIDENCE FOR TESTING

The United States hereby files its response to the defendant's Motion to Preserve Evidence for Testing. DN 17. The defendant asks that the United States preserve evidence so that he may have "the opportunity to test" physical evidence, including "the sweater worn" by the victim and "each projectile recovered at the scene . . . well before the May 17, 2022 mayoral primary." *Id*. at 1-2. The defendant also requests, "if any such evidence has already been destroyed or exhausted during testing procedures," the government "state precisely what piece of evidence was destroyed or exhausted during testing," the date of destruction or exhaustion, and the "reason therefore." *Id*. at 1.

The United States does not object to the defendant's request that the United States preserve all physical evidence collected,[1] with the exception of DNA evidence, which may be consumed during testing. Counsel for the United States does not believe any physical evidence has been destroyed to date. However, a number of items have been sent to an ATF laboratory for testing.

---

[1] A list of all physical evidence counsel for the United States is currently aware of, along with the current status of each item, is being provided to defense counsel contemporaneously with the filing of this response.

1

Due to testing backlogs, we do not have an exact estimate of how long testing will take.

The United States objects to the defendant's request that the defendant be given access to physical evidence "well before the May 17, 2022 mayoral primary" election. The election date is wholly unrelated to this case. Further, as stated above, the items to which the defendant has requested specific access are awaiting testing at a government laboratory, and will unlikely be available before May 17, 2022, which is less than a month away. However, the United States generally does not object to providing the defendant with access to these items, either at FBI or ATF, for testing at a later date.

## Conclusion

The defendant's Motion to Preserve Evidence for Testing should be denied as moot.

Respectfully submitted,

| | |
|---|---|
| MICHAEL A. BENNETT | COREY R. AMUNDSON |
| United States Attorney | Chief, Public Integrity Section |
| Western District of Kentucky | Criminal Division, U.S. Department of Justice |
| | |
| */s/ Amanda E. Gregory* | */s/ Jolee Porter* |
| By: Amanda Gregory | By: Jolee Porter |
| Assistant United States Attorney | Trial Attorney |
| 717 West Broadway | 1301 New York Ave. NW |
| Louisville, KY 40202 | Washington, DC 20530 |
| Tel. (310) 869-7503 | Tel. (202) 748-6591 |
| amanda.gregory@usdoj.gov | jolee.porter3@usoj.gov |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 26, 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

                                                      */s/ Amanda E. Gregory*
                                                    Assistant United States Attorney