UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                        PLAINTIFF

vs.                                                   NO. 3:22-CR-33-BJB
                                                      *Electronically Filed*

QUINTEZ O. BROWN                                                DEFENDANT

**UNITED STATES' RESPONSE TO
DEFENDANT'S MOTION TO DISMISS DUE TO PROSECUTORIAL MISCONDUCT
BEFORE THE GRAND JURY**

The United States hereby files its response to defendant's Motion to Dismiss Indictment

Due to Prosecutorial Misconduct Before the Grand Jury.   DN 19.   Defendant argues that counsel

for the United States abused the grand jury subpoena process by issuing subpoenas to the

defendant's mental health providers and that the indictment should be dismissed as a result.   *See*

*id*.   Contrary to the defendant's argument, the government's conduct here has been appropriate,

carefully accounting for the potential privilege at issue.   The defendant's motion, therefore,

should be denied because he has not shown either actual prejudice or a long-standing practice of

prosecutorial misconduct, both of which are required for dismissal.

**Background**

On February 14, 2022, the defendant walked into C.G.'s campaign office and shot at him

six times.   Shortly thereafter, the defendant was arrested by Louisville Metro Police Department

officers on state charges.   On February 16, 2022, the defendant's attorney, Rob Eggert, made

public statements that the defendant had "serious mental issues."   *See* WDRB website, "Man

Charged with Shooting at Mayoral Candidate Leaves Jail after Local Nonprofit Posts Bond

1

(https://www.wdrb.com/news/man-charged-with-shooting-at-mayoral-candidate-leaves-jail-after-local-nonprofit-posts-bond/article_9165579e-8f54-11ec-ab3e-5bd17ca39a7f.html) (last visited April 18, 2022). On March 21, 2022, the United States established a filter team for mental health records. The filter team consisted of FBI Special Agent Jordan Matteo and an attorney at the Public Integrity Section of the United States Department of Justice.

On March 22, 2022, the grand jury subpoenas identified by the defendant were issued. The subpoenas included standard language stating, "It is requested that you not notify anyone that the above information has been requested. Any such disclosure could impede the investigation being conducted and thereby interfere with the enforcement of the law." DN 19-1. The subpoenas instructed that in lieu of appearance before the Grand Jury, the documents could be provided to FBI Special Agent Matteo, who was the filter agent and has not been involved in the investigation of the case.[1]

On March 28, 2022, counsel for the defendant wrote a letter to counsel for the United States outlining the duration of the defendant's stay in Our Lady of Peace, stating what diagnosis had been provided, and asserting that while the defendant was no longer at Our Lady of Peace, the defendant was engaged in outpatient therapy.

After the subpoenas were issued, Special Agent Matteo received responses to the mental health grand jury subpoenas and provided those returns to the filter attorney. The filter team was

---

[1] The defendant argues "[t]here is no excuse for having the records handed over to an FBI agent instead of delivered to the AUSA or the Grand Jury." DN 19 at 3. The "excuse" in this instance is that a filter team procedure was in place. If the material had been directly delivered to the AUSA or the Grand Jury, the privilege violations that that the defendant has expressed concern over may have actually occurred.

instructed to review the mental health provider subpoena returns and segregate any materials that are potentially protected by the psychotherapy-patient privilege.   Under the filter protocol, the investigative team, including the undersigned, did not have access to the mental health provider subpoena returns.   To date, none of the mental health provider subpoena returns have been provided to the prosecution team, and, as such, none of the documents were presented or summarized in the Grand Jury.[2]

On April 6, 2022, a Grand Jury in the Western District of Kentucky charged the defendant with one count of Interference with a Federally Protected Activity by attempting to murder C.G., a mayoral primary candidate, in violation of Title 18, United States Code, Section 245(b)(1)(A) (Count 1) and Use and Discharge of a Firearm During and in Relation to a Crime of Violence, in violation of Title 18, United States Code, Section 924(c) (Count 2).   DN 1.

On April 8, 2022, the defendant requested the United States provide discovery in advance of the April 15, 2022, detention hearing related to the defendant's mental health.   On April 11, 2022, the filter attorney provided the mental health subpoena returns to the defense with a letter explaining that the prosecution team did not have access to the mental health documents.   On April 12, 2022, the prosecution team provided defense counsel with summaries of witness statements, video footage, and other non-privileged records relevant to the defendant's mental health.   On April 13, 2022, the defendant filed the Motion to Dismiss the Indictment Due to Prosecutorial Misconduct Before the Grand Jury.   DN 19.   While the filter team is not referenced anywhere in the defendant's motion, the defendant was aware that a filter team was in place.[3]

---

2 The Grand Jury was made aware of the existence of the mental health records but was not provided with a copy of the records due to the potential psychologist-patient privilege.
3 In addition to the April 11, 2021, letter from the filter attorney, undersigned counsel provided

## Argument

Where a defendant alleges prosecutorial misconduct, "[d]ismissal of a grand jury indictment is appropriate only where a defendant can establish a long standing pattern of prosecutorial misconduct before a grand jury and actual prejudice." *United States v. Castro*, 908 F.2d 85, 89 (6th Cir. 1990) (*citing United States v. Griffith*, 756 F.2d 1244, 1249 (6th Cir. 1985)); *see also Bank of Nova Scotia v. United States*, 487 U.S. 250, 251 (1988) (nonconstitutional grand jury challenge should result in dismissal of an indictment only if the violation "substantially influenced the grand jury's decision to indict").   Here, defendant cannot prove either prejudice or a long-standing pattern of prosecutorial misconduct before the Grand Jury.

**I.      Defendant's Motion Should Be Denied Because Defendant Has Not Shown Actual Prejudice.**

The Supreme Court has described the prejudice requirement in cases involving allegations of nonconstitutional error[4] as requiring a showing that "'the violation substantially influenced the grand jury's decision to indict,'" or "'grave doubt' that the decision to indict was free from the substantial influence of such violations." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988) (*citing United States v. Mechanik*, 475 U.S. 66, 78 (1986)).   Here, the defendant has not and cannot alleged any prejudice.   The privileged records have not seen by the prosecution team and were not used in the Grand Jury.   *See United States v. Streebing*, 987 F.2d 368, 372 (6th

---

this information on the record at the April 8, 2022, arraignment.

[4] The Supreme Court has distinguished nonconstitutional errors, which require a showing of prejudice, from constitutional errors, such as excluding women from the Grand Jury, where "the structural protections of the grand jury have been so compromised as to render the proceedings fundamentally unfair, allowing the presumption of prejudice." *Bank of Nova Scotia*, 487 U.S. at 257 (internal citations omitted).   The defendant's complaint in his motion does not rise to the level of a constitutional error that rendered the grand jury proceedings fundamentally unfair.

Cir. 1993) (finding there was no prejudice justifying dismissal where statements the defendant made to agents under the belief he would not be prosecuted were not used in front of the Grand Jury).   As a showing of actual prejudice is one of the two requirements for dismissing an indictment, and it has not been and cannot be met, the Court should deny the defendant's motion.

## II.   Defendant's Motion Should Be Denied Because the Defendant Has Not Shown Any Prosecutorial Misconduct, Let Alone a Long-Standing Pattern of It.

Defendant seems to argue that subpoenaing the mental health records through the Grand Jury process is prosecutorial misconduct, though the defendant cites no case supporting this proposition.   The psychotherapist-patient privilege protects confidential communications between a psychotherapist and a patient.  *Jaffee v. Redmon*, 518 U.S. 1, 9-11 (1996).   The psychotherapist-patient privilege is only an evidentiary privilege, and not a requirement of constitutional due process.   *Henry v. Kernan*, 197 F.3d 1021, 1031 (9th Cir. 1999).

Here, the United States took steps to preserve the privilege.   The materials were obtained through a subpoena, which provided the opportunity for the recipient to file a motion to quash or modify.   *See* Fed. R. Crim. P. 17 ("On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive").   Additionally, the United States had a filter team in place to remove or redact privileged materials.   As of this writing, none of the documents provided pursuant to the subpoenas identified by the defendant have been accessed by

the prosecution team.[5],[6]

The defendant cites *In re Grand Jury Subpoenas*, 454 F.3d 511 (6th Cir. 2006), to support his allegation of prosecutorial misconduct.  In that case, the grand jury issued subpoenas to a corporation that called for the production of at least some materials that would be protected by the target's attorney-client privilege or work product privilege.  *Id*. at 513.   The target was aware of the subpoenas and filed a motion to intervene asking the Court to approve a procedure for the target's counsel to conduct a privilege review of the responsive documents.  *Id*. at 514.   The government proposed that its own filter team would conduct a privilege review of the material and turn over non-privileged documents to the prosecution team.  *Id*. at 515.   The district court favored the proposed government filter team over the target's proposed filter team.  *Id*. at 515. The Sixth Circuit emphasized that the "only question before [it was] whether the district court erred in preferring the government's proposed taint team to the appellants' own attorneys to make privilege determinations with respect to documents in the third-party subpoena recipient's possession."  *Id*. at 516.   The Sixth Circuit did not find that it had been inappropriate for the prosecution team to request a grand jury subpoena that would cover privileged documents.  *See id, generally*.   The Sixth Circuit did not find that it would have been prosecutorial misconduct for

---

5 While there are likely some materials in the documents that would not be covered by the psychotherapist-patient privilege, the prosecution team asked the filter team to put their review on hold based on indications that the defendant might waive the privilege entirely by putting his mental health at issue, including when defense counsel admitted into evidence two letters from the defendant's psychiatrists at the April 15, 2021 hearing.  *See Simon v. Cook*, 261 F. App'x 873, 886 (6th Cir. 2008) ("However, this circuit has held that placing one's mental health at issue constitutes waiver of the privilege.") (citing *Maday v. Pub. Librs. of Saginaw*, 480 F.3d 815, 821 (6th Cir. 2007)).   Indeed, the government believes waiver may have occurred here, but we save that issue for a later date.

6 The filter team has provided the prosecution team with records received pursuant to a subpoena to a pharmacy.

Case 3:22-cr-00033-BJB-CHL   Document 38   Filed 04/27/22   Page 7 of 9 PageID #: 1092


a government filter team to conduct a privilege review. *See id. generally*. Finally, the Sixth Circuit did not find that prosecutors have an affirmative obligation to inform potential targets of the existence of subpoenas that might result in production of privileged material so that the targets could create their own filter team. *See id. generally*.

The defendant implies that the United States acted inappropriately in including language on the subpoena that the recipient "not notify anyone that the above information has been requested. Any such disclosure could impede the investigation being conducted and thereby interfere with the enforcement of the law." DN 19 at 1. However, the defendant omits several words from the quotation. The full language used in the subpoena, "*It is requested that you* not notify anyone that the above information has been requested. Any such disclosure could impede the investigation being conducted and thereby interference with the enforcement of the law." DN 19-1 at 1 (emphasis added). Courts have found this type of "request" does not inappropriately impose an obligation of secrecy. *United States v. Bryant*, 655 F.3d 232, 238-39 (3d Cir. 2011).

The defendant has not proven any prosecutorial misconduct with respect to this case. However, even if he had, the defendant has not even alleged, let alone established, a long-standing pattern of prosecutorial misconduct, which is the second requirement of the standard for dismissal of an indictment. *See Castro*, 908 F.2d at 89.

<u>Conclusion</u>

The defendant's Motion to Dismiss should be denied.

Respectfully submitted,

MICHAEL A. BENNETT                     COREY R. AMUNDSON
United States Attorney                 Chief, Public Integrity Section
Western District of Kentucky           Criminal Division, U.S. Department of Justice

*/s/ Amanda E. Gregory*                */s/ Jolee Porter*
By: Amanda Gregory                     By: Jolee Porter
Assistant United States Attorney       Trial Attorney
717 West Broadway                      1301 New York Ave. NW
Louisville, KY 40202                   Washington, DC 20530
Tel. (310) 869-7503                    Tel. (202) 748-6591
amanda.gregory@usdoj.gov               jolee.porter3@usoj.gov

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 27, 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

*/s/ Amanda E. Gregory*
Assistant United States Attorney
