UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:22-CR-00033-BJB-CHL-1

**UNITED STATES OF AMERICA,**                                         **Plaintiff,**

v.

**QUINTEZ O. BROWN,**                                                   **Defendant.**

**MEMORANDUM OPINION AND ORDER**

Before the Court is a motion for leave to seal filed by the United States of America (the "United States"). (DN 29.) In the motion, the United States seeks leave to file under seal three exhibits to its motion to revoke release order (DN 28). *Id.* Defendant Quintez O. Brown ("Defendant") does not oppose the motion. (DN 36, at PageID # 1079.) The motion is ripe for review.

    **I.**     **BACKGROUND**

On April 6, 2021, the grand jury for the Western District of Kentucky indicted Defendant on charges for violations of 18 U.S.C. §§ 245(b)(1)(A) and 294(c)(1)(A). (DN 1, at PageID # 1–2.) Following a detention hearing on April 15, 2022, Defendant was ordered released subject to conditions of bond. (DN 23.) At the United States' request, the release order was stayed pending a resolution of its then-anticipated motion to revoke the release order. (*Id.*) On April 16, 2022, the Court issued its order setting a briefing schedule for the United States' motion to revoke the release order, which established a deadline for the United States to file its motion by April 20, 2022. (DN 21.) Pursuant to that order, the United States timely filed its motion to revoke on April 20, 2022. (DN 28.) In its motion, the United States relies on exhibits admitted into the record during the April 15, 2022 detention hearing, referred to in its motion as Exhibits A through G.

(*See id.* at PageID # 219 n.2.) Additionally, the United States relies on six additional documents, referred to in its motion as Exhibits H through M. (*Id.*) The United States filed Exhibits H, I, and K as attachments to its motion to revoke. (DN 28-1; DN 28-2; DN 28-3.) It separately filed Exhibits J, L, and M under seal, (DN 30), and concurrently filed its instant motion for leave to seal these documents. (DN 29.)

## II. LEGAL STANDARD

It is well-established that a "strong presumption" exists in favor of keeping both criminal and civil court records open to the public. *See, e.g.*, *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176-79 (6th Cir. 1983). The party seeking to seal the records bears the heavy burden of overcoming the presumption, and "only the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). To meet this burden, the party seeking a seal must show: (1) a compelling interest in sealing the records; (2) that the interests in sealing outweigh the public's right of access; and (3) that the proposed seal is narrowly tailored. *Id.*; *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593-94 (6th Cir. 2016). "[O]nly trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Shane*, 825 F.3d at 308 (citation and internal quotation marks omitted). The Sixth Circuit has held that "[t]he proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.' " *Shane*, 825 F.3d at 305–06 (quoting *Baxter Int'l., Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). Further, in ruling on a motion to seal, the Court is required to make

"specific findings and legal conclusions 'which justify nondisclosure to the public.' " *Rudd*, 834 F.3d at 594 (quoting *Brown & Williamson*, 710 F.2d at 1176). The Sixth Circuit's strict standard applies even when, as is the case here, there is no objection to a request to seal; the presumption that the public has the right to access judicial records does not vanish simply because all parties in the case agree that certain records should be sealed. *Rudd*, 834 F.3d at 595 (noting that although the defendant did not object to the plaintiff's motion to seal, his lack of objection did not waive the public's First Amendment and common law right of access to court filings); *Shane*, 825 F.3d at 305 ("A court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody.").

### III. DISCUSSION

Below, the Court considers whether the documents that the United States has filed under seal may properly be sealed.

#### a. Exhibit J

Exhibit J is a report of data purportedly extracted from Defendant's telephone showing a message exchange between Defendant and a third party. (DN 30-1; DN 29, at PageID # 242.) In support of its request to seal Exhibit J, the United States asserts that "[p]ublic release of this document could cause harm by publicly releasing the phone numbers of a witness as well as the defendant." (DN 29, at PageID # 242.)

The Court notes that Exhibit J contains no information within the categories that the Sixth Circuit has recognized as sufficiently sensitive to overcome the public right of access because it contains no trade secrets, no information covered by privilege, and no information covered by a statute mandating confidentiality. *See Shane*, 825 F.3d at 308. However, "[d]istrict courts regularly find good cause exists for allowing redactions in court filings in order to protect personal

identifying information, including email addresses and phone numbers." *Ohio A. Philip Randolph Inst. v. Householder*, No. 1:18-CV-357, 2019 WL 3287985, at *2 (S.D. Ohio Mar. 2, 2019) (collecting cases). Courts within the Sixth Circuit applying the standard set forth in *Shane* have followed suit, granting requests to seal personal phone numbers and email addresses contained in court filings. *Schnatter v. 247 Grp., LLC*, No. 320CV00003BJBCHL, 2022 WL 188193, at *2 (W.D. Ky. Jan. 20, 2022); *Ewalt v. GateHouse Media Ohio Holding II, Inc.*, No. 2:19-CV-4262, 2021 WL 4841064, at *2 (S.D. Ohio Oct. 18, 2021); *In re Flint Water Cases*, No. 5:16-CV-10444-JEL-MKM, 2021 WL 1877018, at *2 (E.D. Mich. Apr. 21, 2021); *NFocus Consulting Inc. v. Uhl*, No. 2:20-CV-5106, 2020 WL 6791232, at *2 (S.D. Ohio Nov. 19, 2020). Here, the Court likewise finds that the public interest in access to court records is outweighed by Defendant's and the third party's compelling privacy interests in precluding public dissemination of their personal telephone numbers. However, it is not necessary to seal the entire document to protect those privacy interests. For this reason, and because the United States has not advanced any reason why a serious injury would result from public disclosure of the remaining information contained in Exhibit J, the United States has not met its burden of showing that its requested seal is narrowly tailored. *See Shane*, 825 F.3d at 308 (indicating that the burden is on the proponent of sealing to show "on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal"). Therefore, the United States will be required to file a public version of Exhibit J with redactions covering only the personal telephone numbers contained therein.

  The Parties are advised that this finding does not ensure that the document will remain redacted if cited again in the future or refiled elsewhere in the record. If presently-redacted

4

information becomes more important to this Court's later decisions, the interests supporting public access may increase as well. *See Rudd*, 834 F.3d at 594.

### b. Exhibit L

Exhibit L is a report of internet search history purportedly extracted from Defendant's cellphone showing searched from the period between February 9 and February 14, 2022. (DN 30-2; DN 29, at PageID # 242.) According to the United States, Exhibit L includes "personal information about the victim in this case, including his home address, family member names, and campaign office address . . . [and] also includes references to names of other individuals, including another mayoral candidate." (DN 29, at PageID # 242.) In support of its request to seal Exhibit L, the United States asserts that "[p]ublic release of this document could cause harm to the victim by publicly releasing his personal information." (*Id.*)

The Court notes that Exhibit L contains no information within the categories that the Sixth Circuit has recognized as sufficiently sensitive to overcome the public right of access because it contains no trade secrets, no information covered by privilege, and no information covered by a statute mandating confidentiality.[1] *See Shane*, 825 F.3d at 308. The Court further notes that any personal information contained in Exhibit L would have been revealed through ordinary internet searches and is therefore already available to the public. Public access to individual information that was once considered private or even confidential is an uncomfortable reality of the twenty-first century. The United States has offered no reason why a serious injury would result if information already available through ordinary internet searches is disclosed in relatively less accessible court records, and the undersigned sees none. Additionally, even if the United States

---

[1] The Court notes that Fed. R. Crim. P. 49.1 provides for redactions to court filings containing "the home address of an individual," subject to the condition, "[u]nless the court orders otherwise." Fed. R. Crim. P. 49.1(a). Under the Rule, "[t]he responsibility to redact filings rests with counsel and the party or nonparty making the filing." Fed. R. Crim. P. 49.1 advisory committee's 2007 note to the rule.

had met its burden of showing a compelling reason to seal the personal information contained in Exhibit L, its request to seal the entire 797-page document would likely be overbroad. *See Shane*, 825 F.3d at 308. For these reasons, the United States' request to seal Exhibit L will be denied.

### c. Exhibit M

Exhibit M is a data record purportedly of Defendant's user history on a ride hailing service. (DN 30-3; DN 29, at PageID # 242.) The United States notes that Exhibit M "include various addresses, including the victim's street and the defendant's prior home address." (DN 29, at PageID # 242–43.) In support of its request to seal Exhibit M, the United States asserts that "[p]ublic release of this document could cause harm to the victim by providing the location of his home, where he lives with his family, to the public." (*Id.* at 243.)

The Court notes that Exhibit M contains no information within the categories that the Sixth Circuit has recognized as sufficiently sensitive to overcome the public right of access because it contains no trade secrets, no information covered by privilege, and no information covered by a statute mandating confidentiality. *See Shane*, 825 F.3d at 308. The United States only cites the reference to the street of the victim's home address as a basis for sealing, and as was discussed in Part III.b. above, this information is already a matter of public record. The United States does mention that Exhibit M contains other addresses, but it does not explain the significance of those addresses nor does it explain why public disclosure of these addresses would result in serious injury. Additionally, even if the United States had met its burden of showing a compelling reason to seal the addresses contained in Exhibit M, it has made no showing that the public interest in access is outweighed despite the United States' reliance on Defendant's movements as evidenced by Exhibit M in its motion to revoke. (*See* DN 28, at PageID # 221.) *See also Shane*, 825 F.3d at 305 ("[T]he greater the public interest in the litigation's subject matter, the greater the showing

necessary to overcome the presumption of access"; *Brown*, 710 F.2d at 1180 ("The public has an interest in ascertaining what evidence and records the District Court and this Court have relied upon in reaching our decisions."). For these reasons, the United States' request to seal Exhibit M will be denied.

### d. Motion for Leave to Seal

The United States also filed its motion for leave to seal under seal but has not separately moved to seal the motion nor has it offered any reasons or authority for sealing the motion. (DN 29.) *See* L.Cr.R. 49.4(c). The United States has not met its burden of showing a compelling reason to seal the motion and the undersigned sees none. Therefore, the motion will be unsealed.

### IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. The United States's motion for leave to seal (DN 29) is **GRANTED in part and DENIED in part**.

2. The Clerk of Court is directed to unseal DN 29, DN 29-1, DN 30, DN 30-2; and DN 30-3. DN 30-1 shall remain under seal.

3. No later than **April 13, 2022**, the United States shall file a redacted version of Exhibit L consistent with this order.

cc: Counsel of record