# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
(electronically filed)

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | NO. 3:22-CR-33-BJB |
| QUINTEZ O. BROWN | DEFENDANT |

### DEFENDANT'S SUPPLEMENTAL REPLY
### REGARDING HIS MOTION TO DISMISS
### FOR PROSECUTORIAL MISCONDUCT

Comes the defendant, Quintez Brown, through counsel, and offers the following Reply to the United States Supplemental Response (DN 46) to his Motion to Dismiss (DN 38):

"[T]aint teams present inevitable, and reasonably foreseeable, risks to privilege, for they have been implicated in the past in leaks of confidential information to prosecutors. That is to say, the government taint team may have an interest in preserving privilege, but it also possesses a conflicting interest in pursuing the investigation, and, human nature being what it is, occasionally some taint-team attorneys will make mistakes or violate their ethical obligations. It is thus logical to suppose that taint teams pose a serious risk to holders of privilege, and this supposition is substantiated by past experience." *In re Grand Jury Subpoenas*, 454 F.3d 511, 523 (6th Cir. 2006). The Sixth Circuit found the government taint team violation of privilege very troubling, and reversed the district court's ruling on the matter. "[W]e reverse the district court, and hold that the use of a government taint team is inappropriate in the present circumstances. Instead, we hold that the appellants themselves must be given an opportunity to conduct their own privilege review; of course, we can presently make no ruling with respect to the merits of any claimed privilege that may arise therefrom." *Id.* at 523. And in fact, in the case at bar, this

government taint team has violated Mr. Brown's clearly established, and very personal, privilege for his psycho-therapy records. He was never given notice that his psycho-therapy records were being sought; he was not given an opportunity to assert his privilege and to establish his own taint team. This was a gross violation of his privilege and of his privacy. The law is clear, Grand Juries do not have the right to overcome privilege through subpoenas, and taint teams should not be established by the prosecution. Mr. Brown was entitled to be alerted of the attempt to retrieve his privileged records and allowed to establish his own taint team. Now with the revelation of inappropriate handling of highly privileged evidence, the United States has so tainted the case that prosecution cannot be allowed.

This Court's supervisory powers can be used "to prevent parties from reaping benefit or incurring harm from violations of substantive or procedural rules (imposed by the Constitution or laws) governing matters apart from the trial itself. Thus, *Bank of Nova Scotia v. United States*, makes clear that the supervisory power can be used to dismiss an indictment because of misconduct before the grand jury, at least where that misconduct amounts to a violation of one of those 'few, clear rules which were carefully drafted and approved by this Court and by Congress to ensure the integrity of the grand jury's functions'." *United States v. Williams*, 504 U.S. 36, 46 (1992).

**WHEREFORE**, as argued in his original motion and above, Mr. Brown respectfully requests this Court dismiss the Indictment in this matter for prosecutorial misconduct before the Grand Jury.

    Respectfully Submitted,

    s/ Rob Eggert\_\_\_\_
    Rob Eggert
    600 West Main Street, Suite 100
    Louisville, Kentucky 40202

2

(502) 540-5700  
Counsel for Mr. Brown

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing motion was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

<u>s/ Rob Eggert</u>  
Rob Eggert