UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                    PLAINTIFF

vs.                                                    NO.   3:22-CR-33-BJB
                                                       *Electronically Filed*

QUINTEZ BROWN                                                              DEFENDANT

## MOTION FOR PROTECTIVE ORDER

The United States of America, by counsel, moves the Court for entry of a protective order restricting the use and dissemination of certain records and information related to witnesses and the victims.

## FACTUAL BACKGROUND

In late January and early February, the defendant made social media posts critical of Louisville mayoral candidate Craig Greenberg.   On February 14, 2022, the defendant walked into Greenberg's campaign office and shot at him six times.

During the investigation of the case, numerous witnesses who were at or near the location of the shooting were interviewed.   Their interviews are captured on officer body camera footage. Generally, the body camera footage contains portions where the witnesses can be heard providing their names, dates of birth, and home addresses.   In some segments, officer notes regarding the witnesses' personal identity information are visible.   Further, as part of the investigation, law enforcement officers interviewed Greenberg and other victims who were in the room with Greenberg.   Greenberg and the other victims provided information regarding their background and relationships to assist in the investigation.   Louisville Metro Police Department also obtained

1

a search warrant for Greenberg's phone.

On April 6, 2022, a Grand Jury in the Western District of Kentucky charged the defendant with one count of Interference with a Federally Protected Activity by attempting to murder Greenberg because Greenberg had been campaigning as a candidate for mayor of Louisville and in order to intimidate Greenberg from campaigning, in violation of Title 18, United States Code, Section 245(b)(1)(A), and Use and Discharge of a Firearm During and in Relation to a Crime of Violence, in violation of Title 18, United States Code, Section 924(c).   DN 1.

The above-referenced interviews have not yet been disclosed.   Many of the recorded interviews containing personal identity information are of individuals who have little or no knowledge of the incident.   However, undersigned counsel would prefer to disclose them out of an abundance of caution.   The United States attempts to redact personally identifiable information for witnesses in documents provided to the defense.   In the body camera footage of interviews, there is no easy way to redact the personal identity information for witnesses.   The content of Greenberg's phone is likely not discoverable, but this may change.   The interviews of Greenberg and other victims who were in the room during the shooting will need to be disclosed as Jencks material if the case proceeds to trial and they testify at trial.

The mayoral primary election was held on May 17, 2022.   On April 12, 2022, the defendant filed a motion requesting the opportunity to test recovered projectiles and the victim's sweater, which has a cut believed to be caused by a bullet, "well before the May 17, 2022 mayoral primary."   DN 17 (Defense Motion to Preserve Evidence for Defense Testing) at 2.   On April 15, 2022, defense counsel Patrick Renn stated he filed the motion with the requested deadline in advance of the mayoral primary date because the victim had produced a political ad related to the

2

shooting and he was "offended by it."   DN 24 (First Detention Hearing Transcript) at 131:10-16.

## ARGUMENT

Federal Rule of Criminal Procedure 16(d) "grants the district court 'broad authority . . . to regulate discovery.'"   *United States v. Amawi*, 695 F.3d 457, 472, n.1 (6th Cir. 2012) (*quoting United States v. Campa*, 529 F.3d 980, 995 (11th Cir. 2008)); *see Alderman v. United States*, 394 U.S. 165, 185 (1969); *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986).   Rule 16(d)(1) specifically empowers district courts to issue protective orders to limit the use and distribution of discovery materials for "good cause."   Fed. R. Crim. P. 16(d)(1).   Generally, "good cause" requires a showing that "'that disclosure will result in a clearly defined specific and serious injury.'"   *United States v. Sittenfeld*, No. 1:20-CR-142, 2021 WL 1438300, at *3 (S.D. Ohio April 15, 2021) (internal citations).   In addition to the nature of the injury, courts may consider whether disclosure "would pose a hazard to others," whether "the defendant would be prejudiced by a protective order," and the public interest in disclosure.   *Id.* (internal citations omitted).

The United States first seeks restrictions on the dissemination of records containing personal identity information of witnesses, and on the personal identity information itself.   The potential risks of disclosure of personal identity information such as dates of birth and home addresses are obvious.   Federal Rule of Criminal Procedure 49.1 acknowledges these risks in requiring certain redactions to dates of birth and home addresses in public filings.   Exposure of personal identity information generally could expose witnesses to identity theft.   Further, in a case, like this one, where there has been considerable pre-trial publicity, exposure of personal identity information of witnesses could potentially subject them to other types of intrusions or even

3

harassment.   No legitimate purpose is served by allowing the public at large to have access to personal identity information of that nature.

The United States further seeks restrictions on dissemination of information concerning Greenberg and other victims who were in the room and at risk during the shooting.   The United States is concerned the defendant will publicly release information about the victims obtained through discovery for purposes unrelated to this litigation.   Under the Crime Victims' Rights Act of Act of 2004, a crime victim has "the right to be reasonably protected from the accused," 18 U.S.C. § 3771(a)(1), and "the right to be treated with fairness and with respect for the victim's dignity and privacy," 18 U.S.C. § 3771(a)(8).   Here, defense counsel has indicated a desire to use information gained through this case to attack Greenberg outside the scope of litigation.   This should not be permissible use of discovery in a criminal case.   Allowing defense counsel to weaponize discovery in a criminal case to publicly attack victims would discourage victims generally from reporting crimes and penalize them for cooperating in law enforcement investigations.   The proposed restrictions on dissemination would not prejudice the defendant, because it would not limit the defendant's ability to utilize discovery for the purposes of this case. Further, discovery material, which has not yet been admitted or filed, is not information that is traditionally available to the public.   *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984).

## <u>CONCLUSION</u>

For these reasons, the United States requests the Court enter the proposed protective order.

4

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney
Western District of Kentucky

COREY R. AMUNDSON
Chief, Public Integrity Section
Criminal Division, U.S. Department of Justice

*/s/ Amanda E. Gregory*
By: Amanda Gregory
Assistant United States Attorney
717 West Broadway
Louisville, KY 40202
Tel. (310) 869-7503
amanda.gregory@usdoj.gov

*/s/ Jolee Porter*
By: Jolee Porter
Trial Attorney
1301 New York Ave. NW
Washington, DC 20530
Tel. (202) 748-6591
jolee.porter3@usoj.gov

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on June 21, 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

*/s/ Amanda E. Gregory*
Assistant United States Attorney
