UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                              PLAINTIFF

vs.                                                                                                                            NO. 3:22-CR-33-BJB
                                                                                                                    *Electronically Filed*

QUINTEZ O. BROWN                                            DEFENDANT

### UNITED STATES' MOTION FOR PRE-TRIAL PSYCHIATRIC EXAMINATION

The United States hereby respectfully moves this Honorable Court, pursuant to Title 18, United States Code, Sections 4241(a) and 4242(a), and Federal Rule of Criminal Procedure 12.2, for a pre-trial psychiatric examination of the defendant to determine whether (1) he was insane at the time of the offenses alleged in the indictment, and (2) he has a mental disease or defect or any other mental condition bearing on the issue of guilt.

### Factual Background

On February 14, 2022, the defendant attempted to kill C.G. by shooting at him with a firearm because C.G. had been campaigning as a candidate for mayor of Louisville in a primary election and to intimidate C.G. from campaigning. DN 1. On March 3, 2023, the defendant filed a Notice Pursuant to Federal Rule of Criminal Procedure 12.2 ("Rule 12.2"). DN 85. In his notice, defendant stated "his intention to assert a defense of insanity at the time of the alleged defense, pursuant to FRCrP 12.2(a) and/or present expert evidence relating to a mental disease or defect bearing on the issue of guilt in this case, pursuant to FRCrP 12.2(b)." *Id.*

### Analysis

Rule 12.2 sets forth the rules relating to the granting of mental examinations:

> (a) Notice of an Insanity Defense. A defendant who intends to assert a defense of insanity at the time of the alleged offense must so notify an attorney for the government in writing within the time provided for filing a pretrial motion, or at any later time the court sets, and file a copy of the notice with the clerk. A defendant who fails to do so cannot rely on an insanity defense. The court may, for good cause, allow the defendant to file the notice late, grant additional trial-preparation time, or make other appropriate orders.
>
> (b) Notice of Expert Evidence of a Mental Condition. If a defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on . . . the issue of guilt . . . the defendant must—within the time provided for filing a pretrial motion or at any later time the court sets—notify an attorney for the government in writing of this intention and file a copy of the notice with the clerk . . . .
>
> (c) Mental Examination. (1) Authority to Order an Examination; Procedures . . . (B) If the defendant provides notice under Rule 12.2(a), the court must, upon the government's motion, order the defendant to be examined under 18 U.S.C. §4242. If the defendant provides notice under Rule 12.2(b) the court may, upon the government's motion, order the defendant to be examined under procedures ordered by the court.

Fed. R. Crim. P. 12.2.

### 1. The Court Should Order an Evaluation Where Defendant Provided Notice Pursuant to Rule 12.2(a)

In light of the defendant's Rule 12.2(a) notice of his intent to present an insanity defense, the United States respectfully requests that the Court direct a psychiatric examination of the defendant pursuant to 18 U.S.C. § 4242(a). *See also* Fed. R. Crim. P. 12.2(c)(1)(B). Under the plain language of Rule 12.2(c)(1)(B) such an evaluation is required: "If the defendant provides notice under Rule 12.2(a), the court *must*, upon the government's motion, order the defendant to

be examined under 18 U.S.C. § 4242." Fed. R. Crim. P. 12.2(c)(1)(B) (emphasis added).

### 2. The Court Should Order an Evaluation Where Defendant Provided Notice Pursuant to Rule 12.2(b)

The defendant's 12.2 notice also states his intent to "present expert evidence relating to a mental disease or defect bearing on the issue of guilt" pursuant to Rule 12.2(b). Rule 12.2(c) provides, "If the defendant provides notice under Rule 12.2(b) the court may, upon the government's motion, order the defendant to be examined under procedures ordered by the court." Fed. R. Crim. P. 12.2(c). A psychological examination regarding whether the defendant has a "mental disease or defect bearing on the issue of guilt" is appropriate and should be ordered.

It is clear that "where a defense expert who has examined the defendant testifies that the defendant lacked the requisite mental state to commit an offense, the prosecution may present psychiatric evidence in rebuttal." *Kansas v. Cheever*, 571 U.S. 87, 94 (2013) (citation omitted). As the Supreme Court has explained, "[a]ny other rule would undermine the adversarial process, allowing a defendant to provide the jury, through an expert operating as proxy, with a one-sided and potentially inaccurate view of his mental state at the time of the alleged crime." *Id.* Rule 12.2, in turn, serves this interest in an adversarial presentation on a defendant's Rule 12.2(b) defense. The purpose of the Rule is to enable the Government to effectively "prepare for cross-examination of the defendant's expert witnesses and to present any rebuttal witnesses to counter the defense expert's testimony." *United States v. Buchbinder*, 796 F.2d 910, 915 (7th Cir. 1986). First, the notice provision "give[s] the government time to prepare to meet the issue, which will usually require reliance upon expert testimony." Fed. R. Crim. P. 12.2 advisory committee's note to 1974 enactment; *see also LeCroy v. United States*, 739 F.3d 1297, 1305 n.6 (11th Cir. 2014) (explaining that Rule 12.2 "giv[es] the Government a chance to prepare its own mental-health evidence in

rebuttal," as "the preparation of mental-health evidence frequently requires the use of expensive and time-consuming experts"). Then, recognizing that the government may require its own examination of the defendant in order to verify the defendant's claims of a mental disease or defect, the Rule authorizes the Court to order such an examination. Fed. R. Crim. P. 12.2(c)(1)(B). Hence, although an examination is not mandatory in every case, one should be ordered if it is "necessary for the government fairly to rebut the defendant's expert evidence." *United States v. Davis*, 93 F.3d 1286, 1293 (6th Cir. 1996); *cf. Buchbinder*, 796 F.2d at 915 (finding the government had been prejudiced by lack of notice of the defendant's intent to present expert testimony because it "did not have sufficient time prior to trial to have the defendant examined by its own expert witnesses").

Of particular import here, the Supreme Court has recognized that where the defense expert's evidence is based upon an examination of the defendant, "the only effective means of challenging that evidence [is] testimony from an expert who has also examined him." *Cheever*, 571 U.S. at 94; *accord Hess v. Macaskill*, No. 94-35446, 1995 WL 564744, at *2 (9th Cir. Sept. 20, 1995) ("The only way the state may rebut the defense [based on battered woman syndrome] is to conduct its own examination and present its own expert testimony."); *United States v. Haworth*, 942 F. Supp. 1406, 1407–08 (D.N.M. 1996) ("The Government's expert cannot meaningfully address the defense expert's conclusions unless the Government's expert is given similar access to . . . an independent interview with and examination of the defendant."). The Ninth Circuit has likewise held that, "[b]ecause the government has the burden of proof, it should have access to the same type and quality of evidence as the defense." *United States v. July*, No. 90-10457, 1992 WL 57428, at *1 (9th Cir. Mar. 25, 1992) (considering an examination ordered pursuant to the district

4

court's inherent powers, because the prior version of Rule 12.2(c) covered only claims of mental incompetency and insanity); *see also Hess*, 1995 WL 564744, at *2 ("The state should be entitled to the same quality of evidence as the defense."). In *July*, the defense expert "gave an opinion, based on psychological testing and a personal interview, that [the] defendant had symptoms consistent with [battered woman syndrome (BWS)]"; the government's experts "were therefore entitled to examine [the defendant] and conduct their own evaluation of her BWS claim." *July*, 1992 WL 57428, at *1. Here, the defense intends to present testimony of Dr. Agharkar that the defendant suffers from "a serious mental illness involving a major mood disorder and psychosis." Agharkar R. at 2. The United States, therefore, is entitled to have its own psychological evaluation conducted on Brown in order to assess whether the defendant has a mental disease or defect bearing on the issue of guilt and potentially rebut Dr. Agharkar's claims. An examination is warranted pursuant to Rule 12.2(b) and (c).

## Conclusion

The United States respectfully requests that the defendant be ordered to undergo a psychiatric examination pre-trial in order to determine (1) whether he was insane at the time of the alleged offense, and (2) whether and to what extent he suffers from a mental disease or defect or any other mental condition bearing on the issue of guilt. In accord with the attached proposed order, the Unites States requests that the defendant be committed to the custody of the Attorney General for placement in a suitable facility for psychiatric or psychological examination and that he be examined by a licensed or certified psychiatrist or psychologist employed by the United States at the expense of the United States.

Respectfully submitted,

| | |
|---|---|
| MICHAEL A. BENNETT | COREY R. AMUNDSON |
| United States Attorney | Chief, Public Integrity Section |
| Western District of Kentucky | Criminal Division, U.S. Department of Justice |
| | |
| */s/ Amanda E. Gregory* | */s/ Jolee Porter* |
| By: Amanda Gregory | By: Jolee Porter |
| Assistant United States Attorney | Trial Attorney |
| 717 West Broadway | 1301 New York Ave. NW |
| Louisville, KY 40202 | Washington, DC 20530 |
| Tel. (310) 869-7503 | Tel. (202) 748-6591 |
| amanda.gregory@usdoj.gov | jolee.porter3@usoj.gov |

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 15, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

*s/ Jolee Porter*
Jolee Porter