# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**UNITED STATES OF AMERICA**

v.  No. 3:22-cr-33-BJB

**QUINTEZ O. BROWN**

\* \* \* \* \*

# ORDER

At the telephonic status conference on March 2, 2023, the Court ordered the parties to confer and file a joint proposed scheduling order with updated filing and briefing deadlines regarding expert-witness and related issues by March 10, 2023. DN 84. The parties filed a joint status report on March 9, 2023. DN 86.

Based on the deadlines proposed by the parties and the status of these proceedings, the Court **ORDERS**:

1. By **March 17, 2023,** the United States will file any motion for examination in response to the Defendant's Rule 12.2 notice.

2. By **May 26, 2023**, the parties will file any motions under Rule 12(b) or *Daubert*, or any other objections to expert disclosures completed before May 1, 2023.

3. On **May 30, 2023 at 10:00 a.m. Eastern**, the parties will join a rescheduled telephonic status conference, previously set for May 2, 2023. Counsel may connect by dialing 888-363-4734 and entering access code 4268238.

4. At the status conference, the parties should be prepared to discuss whether this case should be designated as complex. *See* 18 U.S.C. § 3161(h)(7)(B)(ii).

5. As authorized by 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv), the Court finds the period between **March 2, 2023 and May 30, 2023** should be and is excluded from the time within which the trial must commence under the Speedy Trial Act. The Court further finds that the ends of justice served by this delay outweigh the best interests of the public and the Defendant in a more speedy trial, because failure to allow this extension would deny counsel for the Defendant and United States the reasonable time necessary for effective

preparation, taking into account the exercise of due diligence. *See* § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006). The Court does not grant this continuance "because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).

Benjamin Beaton, District Judge
United States District Court

March 16, 2023