UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| vs. | NO. 3:22-CR-33-BJB<br>*Electronically Filed* |
| QUINTEZ O. BROWN | DEFENDANT |

**UNITED STATES' MOTION TO AUTHORIZE REVIEW OF MENTAL HEALTH RECORDS**

The United States hereby files this motion seeking authorization from the Court to review mental health records of the defendant and to provide the records to the Bureau of Prisons evaluator performing a forensic examination of the defendant. While the defendant has asserted psychotherapist-patient privilege over these records, the defendant has waived that privilege by placing his mental health at issue in this case. Counsel for the United States sought agreement from defense counsel on this issue, and defense counsel requested the United States file this motion.

**Background**

On February 14, 2022, the defendant walked into C.G.'s campaign office and shot at him six times. Shortly thereafter, the defendant was arrested by Louisville Metro Police Department officers on state charges. On March 21, 2022, the United States established a filter team for mental health records. The filter team consisted of an FBI agent and an attorney at the United States Department of Justice Public Integrity Section. Grand jury subpoenas requesting records related to the defendant were issued to several medical providers. With the exception of some

pharmacy records, the filter team did not release these records to the prosecution team.

On April 6, 2022, a Grand Jury in the Western District of Kentucky charged the defendant with one count of Interference with a Federally Protected Activity by attempting to murder C.G., a mayoral primary candidate, in violation of Title 18, United States Code, Section 245(b)(1)(A) (Count 1), and Use and Discharge of a Firearm During and in Relation to a Crime of Violence, in violation of Title 18, United States Code, Section 924(c) (Count 2). DN 1. On April 15, 2022, during a detention hearing, the defendant introduced evidence concerning the defendant's mental health. DN 24 (Detention Hrg. Tr.) at 74:15-21; 77:22-78:16; 78:23-80:18. On March 3, 2023, the defendant filed notice of intent to "assert a defense of insanity at the time of the alleged defense." DN 85.

## Argument

The psychotherapist-patient privilege protects confidential communications between a psychotherapist and a patient. *Jaffee v. Redmon*, 518 U.S. 1, 9-11 (1996). The psychotherapist-patient privilege is only an evidentiary privilege, and not a requirement of constitutional due process. *United States v. Warshak*, 631 F.3d 266, 294 (6th Cir. 2010) ("the privilege is a testimonial or evidentiary one, and not constitutionally-based") (quotation omitted); *United States v. Squillacote*, 221 F.3d 542, 560 (4th Cir. 2000) ("the [psychotherapist] privilege is a testimonial or evidentiary one, and not constitutionally-based"); *United States v. Chase*, 340 F.3d 978, 993 (9th Cir. 2003) ("a violation of the psychotherapist-patient privilege is not a constitutional error"). Because the psychotherapist-patient privilege is an evidentiary use privilege, it does not bar the prosecution team from reviewing the subject communications prior to trial. *See Squillacote,* 221 F.3d 542 (4th Cir. 2000) (denying motion to suppress where the government reviewed and derived

evidence from psychotherapist-patient communications); *United States v. Espino*, 317 F.3d 788, 795 (8th Cir. 2003) (analyzing whether the government could admit marital communications that it was aware of but were potentially protected by the privilege at trial); *United States v. Ellefsen*, No. 07-5015-01-CR-SW-FJG, 2008 WL 2977347, at *2 (W.D. Mo. July 30, 2008) (refusing to suppress evidence where discovery was "filled with . . . confidential spousal communication"); *United States v. Highsmith*, No. 07-80093-CR, 2007 WL 2406990, at *4 (S.D. Fla. Aug. 20, 2007) ("otherwise admissible evidence derived from statements made by [psychotherapist] which are protected by an evidentiary privilege need not be suppressed").

As the privilege in this case is an evidentiary privilege, there is no prohibition on the prosecution team reviewing the mental health records and providing them to the evaluator performing the forensic examination of the defendant. Rather, the privilege only applies if and when the United States seeks to introduce the materials at trial.

Further, as with other evidentiary privileges, the psychotherapist-patient privilege can be waived. *Jaffee*, 518 U.S. at 15 n.14 ("Like other testimonial privileges, the patient may of course waive the protection."). The Sixth Circuit has held waiver occurs when the holder of the privilege puts his or her mental health at issue. *Simon v. Cook*, 261 F. App'x 873, 886 (6th Cir. 2008) ("However, this circuit has held that placing one's mental health at issue constitutes waiver of the privilege.") (citing *Maday v. Pub. Librs. of Saginaw*, 480 F.3d 815, 821 (6th Cir. 2007)). A party places his or her mental health at issue by making arguments that hinge on evidence regarding his or her mental health. *See Simon*, 261 F. App'x at 886 (finding plaintiff placed mental health at issue by making claim that hinged on defendant's belief regarding plaintiff's mental status); *Pliego v. Hayes*, 86 F. Supp. 3d 678, 691 (W.D. Ky. 2015) (noting "a cause of action for intentional or

3

negligence infliction of emotional distress, an allegation of a mental injury or disorder, a claim of severe emotional distress, or a plaintiff's offer of expert testimony to support a claim of emotional distress" would place plaintiff's mental health at issue); *see also In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005) (noting that waiver principles apply to the "psychiatrist-patient privilege of a criminal defendant pleading an insanity defense") (*quoting Developments in the Law–Privileged Communications, Implied Waiver*, 98 Harv. L. Rev. 1629, 1638 (1985)).

Here, the defendant has waived any psychotherapist-patient privilege by putting his mental health at issue. First, during the detention hearing on April 15, 2022, the defendant used two letters from psychiatrists with differing diagnoses to argue for his release. Second, the defendant filed a notice, pursuant to Federal Rule of Criminal Procedure 12.2, of intent to assert the insanity defense. By providing notice of an intent to present the affirmative defense of insanity, the defendant clearly placed his mental health at issue in the case. The defendant is not permitted to use his mental health as both a sword and a shield. In asserting a defense based on mental health, the defendant waives his psychotherapist-patient privilege so that the prosecution team can effectively contest the claim and the Bureau of Prisons evaluator can be fully informed in conducting the forensic examination.

## Conclusion

The United States' motion for authorization from the Court to review mental health records of the defendant and to provide the records to the Bureau of Prisons evaluator performing a forensic examination of the defendant should be granted.

Respectfully submitted,

| | |
|---|---|
| MICHAEL A. BENNETT | COREY R. AMUNDSON |
| United States Attorney | Chief, Public Integrity Section |
| Western District of Kentucky | Criminal Division, U.S. Department of Justice |
| | |
| */s/ Amanda E. Gregory* | */s/ Jolee Porter* |
| By: Amanda Gregory | By: Jolee Porter |
| Assistant United States Attorney | Trial Attorney |
| 717 West Broadway | 1301 New York Ave. NW |
| Louisville, KY 40202 | Washington, DC 20530 |
| Tel. (310) 869-7503 | Tel. (202) 748-6591 |
| amanda.gregory@usdoj.gov | jolee.porter3@usoj.gov |

### CERTIFICATE OF SERVICE

    I hereby certify that on May 26, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

*/s/ Amanda E. Gregory*
Assistant United States Attorney
