**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
(electronically filed)

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | NO. 3:22-CR-33-BJB |
| QUINTEZ O. BROWN | DEFENDANT |

**OBJECTION TO UNITED STATES MOTION**
**FOR ACCESS TO MENTAL HEALTH RECORDS**

Comes the defendant, Quintez Brown, through counsel, and makes the following objections to the United States' request for access to Quintez Brown's mental health records:

Mr. Brown wants to put on the record that his mental health records were improperly obtained by the United States' government without proper regard for rules and regulations protecting mental health records. In addition, the "taint team" assembled by the government included an FBI agent, who is a law enforcement officer and should not have had unfettered access to Mr. Brown's private records. The records already obtained by the United States in violation of the rules and Mr. Brown's Due Process rights should not be handed over to the United States now just because they obtained physical possession by previously violating the rules. There is no basis for asserting that Mr. Brown's mental health treatment records are Discoverable. Rule 16 requires the defendant's disclosure of items that we intend to use in our case-in-chief at trial, or items prepared by a witness that we intend to call. No determination has been made yet as to what parts of those records, if any, will be used by the defense at trial. We will, of course, comply with Rule 16, but we will not give up information beyond that required

by the Rule. The government's motion goes far beyond what is covered by Rule 16. Giving notice of an Insanity defense does not suddenly make everything Discoverable.

Any further attempts by the government to obtain records should be transparent, well-documented, and narrowly tailored to the situation. Under the rules, by claiming an insanity defense, Mr. Brown must submit to a mental health evaluation. However, the United States is asking to go far beyond expert evaluations, and wishes to have access to "other records and conduct interviews that may be covered by psychotherapist-patient privilege." The government's motion and proposed order are overbroad and request permission to seek any records and interviews that may be covered by psychotherapist-patient privilege. The proposed order does not limit the time or scope of that request. We object to such a broad request, and there is no justification in the law for the United States to have such broad unfettered access. Also, Mr. Brown has privileges under HIPAA and the Fifth Amendment that may be relevant to records sought by the United States. Each access to new records or interviews needs to be approved individually to be sure that the United States does not again overreach.

In addition, the defense requests that any new records that are obtained by the United States pursuant to this order must be shared with the defense.

**WHEREFORE**, Mr. Brown respectfully requests this Court deny this overbroad motion, and instead require the United States to seek only information that is Discoverable under Rule 16, or by some other rule specified in any future requests. This issue is important to the defense, and we would welcome a hearing to present oral argument to the Court against the United States' overbroad request.

Respectfully Submitted,

s/ Rob Eggert____
Rob Eggert
600 West Main Street, Suite 100
Louisville, Kentucky 40202
(502) 540-5700
Counsel for Mr. Brown

## **CERTIFICATE OF SERVICE**

    I hereby certify that on June 6, 2023, the foregoing Motion was electronically with the Clerk of the Court by using the CM/ECF system which will automatically send notice to all parties of record.

s/ Rob Eggert
Rob Eggert