UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                        PLAINTIFF

vs.                                                   NO. 3:22-CR-33-BJB
                                                      *Electronically Filed*

QUINTEZ O. BROWN                                               DEFENDANT

## UNITED STATES' REPLY REGARDING MOTION TO AUTHORIZE REVIEW OF MENTAL HEALTH RECORDS

The United States of America, by counsel, replies to the defendant's response to the United States' motion seeking authorization from the Court to review mental health records of the defendant and to provide the records to the Bureau of Prisons evaluator performing a forensic examination of the defendant.

Defendant's claim that the government "improperly obtained" the defendant's mental health records is baseless.  DN 94.  After defense counsel made public statements that the defendant had "serious mental issues," the United States, out of an abundance of caution, established a filter team for mental health records and issued grand jury subpoenas for mental health records on March 22, 2022.  *See* WDRB webpage dated Feb. 16, 2022, "Man Charged with Shooting at Mayoral Candidate Leaves Jail after Local Nonprofit Posts Bond" (https://www.wdrb.com/news/man-charged-with-shooting-at-mayoral-candidate-leaves-jail-after-local-nonprofit-posts-bond/article_9165579e-8f54-11ec-ab3e-5bd17ca39a7f.html)      (last visited June 7, 2023); DN 19-1.  Defendant does not cite a single case supporting the argument that it is improper to obtain a defendant's mental health records with a grand jury subpoena.  To the contrary, as set forth in the Unites States' Motion, because the psychotherapist-patient privilege is only an evidentiary privilege, there is no prohibition on the prosecution team obtaining or reviewing

the mental health records.  *See United States v. Warshak*, 631 F.3d 266, 294 (6th Cir. 2010) "suppression of any evidence derived from the privileged conversations would be [im]proper in this case, given that the privilege is a testimonial or evidentiary one, and not constitutionally-based.") (quotation omitted); *United States v. Squillacote*, 221 F.3d 542, 560 (4th Cir. 2000) (denying motion to suppress where the government reviewed and derived evidence from psychotherapist-patient communications).

Defendant claims, with no citation, that "privileges under HIPAA" support his argument that the government should not have access to his mental health records.   Importantly, the Health Insurance Portability and Accountability Act ("HIPAA"), which governs confidentiality of medical records, provides that a grand jury subpoena alone is sufficient for a healthcare provider to "disclose protected health information." 45 C.F.R. § 164.512(f)(1)(ii)(B) ("A covered entity may disclose protected health information for a law enforcement purpose to a law enforcement official . . . [i]n compliance with and as limited by the relevant requirements of . . . [a] grand jury subpoena[.]"); *see also In re Grand Jury Subpoena John Doe No. A01-209*, 197 F. Supp. 2d 512, 515 (E.D. Va. 2002) ("HIPPA regulations themselves make clear that any privacy interest patients have in their medical records is trumped by a grand jury subpoena that is 'relevant and material to a legitimate law enforcement inquiry.' 45 C.F.R. § 164.512(f)(1)(ii)).")   Records previously obtained via grand jury subpoena, therefore, were not obtained in violation of HIPAA and may be disclosed to the prosecution team.

Defendant further argues that his mental health records are not discoverable under Federal Rule of Criminal Procedure 16.   The United States is not seeking production of documents by the defendant through its motion.   The government filter team already has certain mental health records obtained via grand jury subpoena.   On April 11, 2022, the filter attorney provided the mental health subpoena returns to the defense with a letter explaining that the prosecution team

did not have access to the mental health documents.   To date, the prosecution team does not have access to those records.   The United States seeks authorization from the Court for the filter team to transfer those records to the investigative team because Defendant has waived the psychotherapist-patient privilege by putting his mental health at issue.   *See* DN 92.

Defendant further argues that other mental health documents in its possession are not discoverable under Rule 16 because "[n]o determination has been made yet as to what parts of those records, if any, will be used by the defense at trial."   DN 94.   On March 2, 2023, the defendant provided preliminary expert notices, including notice relating to psychiatrist Bhushan S. Agharkar, M.D.   Dr. Agharkar provided a report opining on Defendant's mental health following a neuropsychiatric evaluation.   Rule 16 requires that the defense disclose their expert witness' "bases and reasons for" their opinions. Fed. Rule Crim. Pro. 16(b)(1)(C).   To the extent Defendant's expert relied upon Defendant's mental health records, those are discoverable under Rule 16(b), as Defendant has already stated his intention of calling Dr. Agharkar to testify.

## Conclusion

The United States' motion for authorization from the Court to review mental health records of the defendant and to provide the records to the Bureau of Prisons evaluator performing a forensic examination of the defendant should be granted.  No oral argument or evidentiary hearing is necessary to resolve this issue.

Respectfully submitted,

MICHAEL A. BENNETT                     COREY R. AMUNDSON
United States Attorney                 Chief, Public Integrity Section
Western District of Kentucky           Criminal Division, U.S. Department of Justice

*/s/ Amanda E. Gregory*                */s/ Jolee Porter*
By: Amanda Gregory                     By: Jolee Porter
Assistant United States Attorney       Trial Attorney
717 West Broadway                      1301 New York Ave. NW
Louisville, KY 40202                   Washington, DC 20530
Tel. (310) 869-7503                    Tel. (202) 748-6591
amanda.gregory@usdoj.gov               jolee.porter3@usoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

*/s/ Amanda E. Gregory*
Assistant United States Attorney