UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                                          PLAINTIFF

vs.                                                                                                              NO. 3:22-CR-33-BJB
                                                                                                                 *Electronically Filed*

QUINTEZ O. BROWN                                                                                                  DEFENDANT

## UNITED STATES' MOTION TO COMPEL COMPLIANCE WITH RULE 16(b)(1)(C)

The United States moves to compel the defendant to comply with Federal Rule of Criminal Procedure 16(b)(1)(C). The defendant has provided the United States with a summary of an opinion by Christopher Robinson, a forensic consultant, as to whether defects in two items of clothing were caused by a bullet. However, the defendant has failed to provide the government with the bases and reasons for Christopher Robinson's noticed opinions. The government requests that this Court order the defendant to provide the government with a summary of the bases and reasons for Robinson's opinions.

## PROCEDURAL HISTORY

On April 6, 2022, a Grand Jury in the Western District of Kentucky charged the defendant with one count of Interference with a Federally Protected Activity by attempting to murder C.G., a mayoral primary candidate, in violation of Title 18, United States Code, Section 245(b)(1)(A) (Count 1), and Use and Discharge of a Firearm During and in Relation to a Crime of Violence, in violation of Title 18, United States Code, Section 924(c) (Count 2). DN 1. On April 12, 2022, defense counsel sent a letter requesting discovery pursuant to Federal Rule of Criminal Procedure 16(a)(1)(A)-(G), including a request of a summary of any expert testimony the United States

1

intended to introduce at trial, "the basis and the reasons therefore, and the witnesses' qualifications." The parties consulted and agreed on a deadline for exchange of expert disclosures of November 1, 2022, which was adopted by the Court. DN 53. This deadline was then moved several times due to unopposed motions from defense. DN 64-67, 86, 88.

On October 31, 2022, the United States provided the defendant with disclosures concerning six potential expert witnesses. On November 30, 2022, the United States provided the defendant with supplemental disclosures to comply with the revisions to Federal Rule of Criminal Procedure 16(a)(1)(G) that took effect on December 1, 2022. On February 24, 2023, the United States provided the defendant with a revised report from one of the previously disclosed experts. With each discovery production, the United States requested reciprocal discovery, including expert disclosures pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C).

On March 2, 2023, the defendant provided the United States with an expert report regarding forensic analysis of the victim's sweater by Christopher Robinson. On March 3, 2023, the United States pointed out the disclosure did "not include information regarding his methodology, any information re sources relied on or other underlying bases, or any information on his qualifications." On March 24, 2023, the defendant provided a list of prior testimony from Christopher Robinson. On March 27, 2023, the defendant provided a *curriculum vitae* for Christopher Robinson. On May 25, 2023, the defendant provided an updated expert report by Christopher Robinson, revised to include his opinion regarding the victim's button-down shirt. *See* Ex. 1 (Expert Report of Christopher Robinson). The report still did not include information regarding Robinson's methodology or the bases for the opinions in the report.

Counsel for the United States conferred with the defense counsel regarding the deficiencies

in Christopher Robinson's report. Defense counsel stated they had sent the United States' request for additional information regarding methodology and bases to Robinson, but did not anticipate receiving or disclosing any additional information.

### Argument

Federal Rule of Criminal Procedure 16(b)(1)(C) provides that when a defendant has requested expert disclosures from the government, the defendant must provide the government a summary of any expert testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence. Fed. R. Crim. P. 16(b)(1)(C). Rule 16 further requires production of "a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief" and "the bases and reasons for them." Fed. R. Crim. P. 16(b)(1)(C)(iii). This disclosure of experts is "intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." *See id*., advisory committee's note to 1993 amendment.

The disclosure must meet various criteria. The disclosure "should cover not only written and oral reports, tests, reports, and investigations, but any information that might be recognized as a legitimate basis for an opinion under Federal Rule of Evidence 703, including opinions of other experts." *Id*. Federal Rule of Evidence 703 defines the basis of an opinion to include facts and data "experts in the particular field would reasonably rely on." Fed. R. Evid. 703.

Here, the report disclosed by the defendant included opinions that "bullet wipe" is the "hallmark of any bullet defect," "fibers of the clothing generally show some directionality when a bullet passes through the clothing," and "[w]hen a bullet passes through clothing the friction of the

3

bullet pulls the fibers." Ex. 1 at 1. However, the report does not include the bases for these opinions. *See United States v. Anderson-Bagshaw*, 509 F. App'x 396, 410-11 (6th Cir. 2012) (holding that vague summaries that describe bases for doctor's expert opinion do not assist government in preparing to cross-examine doctor, and thus do not satisfy Rule 16). Further, the description of the steps Robinson took to analyze the items of clothing are not sufficiently specific and descriptive that they could be replicated. *See United States v. Davis*, 514 F.3d 596, 613 (6th Cir. 2008) (finding that expert summary failed to adequately indicate bases of opinion because "if Davis had hired a chemist, he or she would not have been able to analyze the steps that led the government's chemists to their conclusions"). Thus, the government requests that the Court order the defendant to provide a summary of the methodology, bases, and reasons for his expert's opinions.

## Conclusion

The Court should compel the defendant to comply with Rule 16 with respect to his disclosures regarding Christopher Robinson.


Respectfully submitted,

| | |
|---|---|
| MICHAEL A. BENNETT | COREY R. AMUNDSON |
| United States Attorney | Chief, Public Integrity Section |
| Western District of Kentucky | Criminal Division, U.S. Department of Justice |
| | |
| */s/ Amanda E. Gregory* | */s/ Jolee Porter* |
| By: Amanda Gregory | By: Jolee Porter |
| Assistant United States Attorney | Trial Attorney |
| 717 West Broadway | 1301 New York Ave. NW |
| Louisville, KY 40202 | Washington, DC 20530 |
| Tel. (310) 869-7503 | Tel. (202) 748-6591 |
| amanda.gregory@usdoj.gov | jolee.porter3@usoj.gov |

## CERTIFICATE OF SERVICE

      I hereby certify that on June 16, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

                                        */s/ Amanda E. Gregory*
                                        Assistant United States Attorney