UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:22-CR-00033-BJB-CHL

UNITED STATES OF AMERICA,                                                                         Plaintiff,

v.

QUINTEZ O. BROWN,                                                                                  Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court is the Motion to Compel Compliance with Rule 16(b)(1)(C) filed by the United States. (DN 97.) Defendant Quintez Brown ("Brown") did not file a response and the time to do so has expired. Therefore, this matter is ripe for review.

### I.     BACKGROUND

The United States alleges that Brown shot at C.G. with a firearm to intimidate C.G. while he was participating in a mayoral election in Louisville, Kentucky on February 14, 2022. (DN 1 at PageID # 1.) Shortly thereafter, Brown was arrested by Louisville Metro Police Department officers on state charges. (DN 92 at 1353.) On April 6, 2022, a Grand Jury in the Western District of Kentucky charged Brown with one count of Interference with a Federally Protected Activity in violation of 18 U.S.C. § 245(b)(1)(A) and Use and Discharge of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c). (*See* DN 1.)

The initial deadline for exchange of expert disclosures in this matter was November 1, 2022. (*See* DN 53.) This deadline was then moved several times at Brown's request. (*See* DNs 64-67, 86, 88.) On March 2, 2023, Brown provided the United States with an expert report regarding the forensic analysis of the victim's sweater by Christopher Robinson. (DN 97 at 1372.) The next day, the United States responded with its view that the disclosure was insufficient because it did "not include information regarding [Robinson's] methodology, any information re: sources relied on or other

underlying bases, or any information on [Robinson's] qualifications." (*Id.*) Between March 24, 2023 and May 25, 2023, Brown supplemented the disclosure with a list of prior testimony from Robinson, a *curriculum vitae* for Robinson, and Robinson's updated expert report that was revised to include his opinion regarding the victim's button-down shirt. (*Id.*) When requested to provide more information, counsel for Brown responded that Brown "did not anticipate receiving or disclosing any additional information." (*Id.* at 1373.) The United States asserts that despite the supplements, Brown failed to provide information regarding Robinson's methodology or the basis for Robinson's opinions in the report as required by Federal Rule of Criminal Procedure 16(b)(1)(C).

## II. DISCUSSION

Federal Rule of Criminal Procedure 16 governs expert disclosures in criminal matters. The Government is entitled to expert discovery from the defense under Rule (b)(1)(C). To ensure that parties receive adequate information about the content of the witness's testimony and potential impeachment, the parties must provide a "complete statement" of the witness's opinions, including "the bases and reasons" for those opinions. Fed. R. Crim. P. 16(b)(1)(C)(iii).

The United States asserts Robinson's expert report fails to provide the bases for his opinions regarding his analysis of the victim's clothes as required by Rule 16(b). The Court disagrees. Brown's summary states Robinson's overall conclusion that that the "defects in the [clothing] were not consistent with being a result of a bullet defect" because "the defects fail to exhibit the two main characteristics that are always observed when a bullet passes through a garment." (DN 97-1 at 1377.) The absent characteristics include the existence of "bullet wipe" and directionality of clothing fiber, and perhaps also the pulling of fibers through friction. (*Id.* at 1376.) The summary indicates that Robinson's opinions are based on his "training, experience and [personal] review of the [clothing]." (*Id.*) The United States adds that Brown supplemented

the report with Robinson's *curriculum vitae* that reflects his experience and training. (DN 97 at 1372.)

The Court is not persuaded that the disclosure is as threadbare as the Government asserts. First, the Government argues that "the description of the steps Robinson took to analyze the items of clothing are not sufficiently specific and descriptive that they could be replicated." Robinson states that he examined the clothing to identify the absence or presence of certain observable characteristics. The Government does not sufficiently articulate why mere observation or personal review is not replicable by someone with comparable experience. For example, Robinson concludes that a defect in the victim's sweater lacked a "gray or black ring" known as bullet wipe that would indicate the defect was caused by a bullet. As far as the Court is aware, observing bullet wipe might require only the expertise to look for it. Nothing in the report or in the Government's motion suggests that Robinson's examination required more than his experienced observation. Similarly, for each characteristic, Robinson defines the characteristic and its relevance, states a conclusion regarding the characteristic as to the specific clothing, and connects how his observations supported the conclusion. When read together, Robinson's statements set forth an analysis that supports his opinions. The Court finds that the disclosure is sufficient given that Robinson's statements set forth an analysis that supports his opinion without any indication that there are gaps in the information provided. Further, while the Government insists the disclosure is deficient without Robinson's methodology, Rule 16(b)(1)(C) makes no reference to methodology. The Government is not without recourse to challenge Robinson's methodology through a *Daubert* motion or by cross-examination if the Government believes that the characteristics reviewed by Robinson do not support his conclusions.

### III.  ORDER

For the foregoing reasons,

IT IS HEREBY ORDERED that the United States's motion (DN 97) is **DENIED**.

Colin H Lindsay, Magistrate Judge
United States District Court

August 3, 2023

cc:     Counsel of Record