UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                              PLAINTIFF

vs.                                                                                                    NO. 3:22-CR-33-BJB
*Electronically Filed*

QUINTEZ O. BROWN                                      DEFENDANT

## PROPOSED JOINT SCHEDULING ORDER

The parties have conferred and jointly propose the following schedule:

(1)      **Pretrial filings.** By **June 10, 2024**, each party shall file a trial memorandum addressing:

       a. The **statute(s)** involved and **elements** of the offense(s), with a concise but specific discussion of authorities, if disputed.

       b. A **statement of facts, identifying which are disputed and which are undisputed**.

       c. A separate statement of each **disputed substantive issue of law**, including citations to and discussion of authorities.

       d. A statement of **evidentiary issues** the party reasonably believes will be raised at trial, together with citations to the appropriate Federal Rules of Evidence and authorities in support of the position taken.

       e. A statement of any known or reasonably **anticipated trial problems**, or other issues that may assist the Court in trying the case.

       f. **Proposed agreed and special jury instructions.** Counsel shall exchange drafts in advance and make good-faith efforts to resolve any disagreements without the Court's involvement. If counsel cannot agree on some issues, they shall contemporaneously file separate proposed instructions and verdict forms. These should address only the areas of disagreement and include citations to supporting authorities. Additional requests at trial should be kept to a minimum.

       g. A reasonable number of **proposed voir dire questions** for the Court's use.

       h. An **exhibit list**, including any stipulations regarding authenticity and any objections to authenticity. These should be raised and heard before trial whenever possible.

      i. The United States shall submit, for the Court's *in camera* review, a **proposed witness list** with a brief summary of the expected testimony of each witness and an estimate the amount of time that will be required to present the testimony of each witness during the government's case-in-chief. The United States shall email the witness list to **Judge_Beaton_Chambers@kywd.uscourts.gov**.

(2) **Disclosure Obligations**.

    a. **Jencks Act material.** Jencks Act material, 18 U.S.C. § 3500, need not be furnished before trial.

    b. *Brady* (*Giglio*) **material.** The United States shall disclose any *Brady* material of which it has knowledge in the following manner. Failure to do so in time for the defense to make effective use of the material at trial may result in a recess, continuance, or other consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, or sanctions by the Court:

      i. pretrial disclosure of any Brady material discoverable under Rule 16(a)(1);

      ii. disclosure of all other Brady material in time for effective use at trial;

      iii. if the United States knows of Brady evidence but is unsure of its nature and the proper time for its disclosure, then the United States may request that the Court review the material in camera.

    c. **Rule 404(b) evidence.** The United States shall provide notice to the defendant of its intent to use 404(b) evidence of other crimes, wrongs, or acts by **June 10, 2024**. The notice shall include the general nature and the permitted purpose of the evidence unless the Court excuses pretrial notice upon motion by the United States showing good cause.

(3) **Motions *in Limine* and Objections to Proposed Jury Instructions**. The parties shall file any motions *in limine*, including objections to portions of audio/video tapes, depositions, or proposed jury instructions, by **June 24, 2024**. Responses are due **July 8, 2024**. The parties may file replies to address caselaw or specific factual assertions in the response that were not already addressed in the motion. Parties must file any replies by **July 15, 2024**, and shall limit them to no more than 5 pages, absent leave of Court. To the extent available, the parties shall provide copies of transcripts of all audio/video tapes and deposition testimony being challenged. Objections shall include specific references to the page(s) and line(s) in question.

(4) **Compliance with Local Rules**. All motions, responses, and replies made pursuant to this Order shall comply with the requirements and time limits contained in Local Criminal Rule 12.1, except as otherwise provided in this Order or with the leave of the Court.

(5) **Final Pretrial Conference.** Counsel shall attend a hearing on **Thursday, August 1, 2024, at 10:00 a.m.** in Louisville before Judge Beaton.

(6) **Trial.** This case is set for a jury trial on **Tuesday, August 13, at 8:30 a.m.** in Louisville before Judge Beaton.

   a. When trial begins, the United States shall furnish the official court reporter a list of premarked exhibits intended to be used at trial.

   b. The United States shall retain possession of physical exhibits (e.g., weapons, ammunition, drugs, etc.) during and after the trial, absent further orders of the Court.

(7) **Jurors.** This District Court's plan for the qualification and random selection of jurors, General Order 2013-02, is available on the Court's website at https://www.kywd.uscourts.gov/jury-info. The names of persons assigned to jury panels and their qualification questionnaires may be disclosed to the parties seven days before trial, unless otherwise ordered, under Section 5.02 of the plan.

(8) As authorized by 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv), the parties agree and the Court finds the period between **October 30, 2023,** and **August 13, 2024,** should be and is excluded from the time within which the trial must commence under the Speedy Trial Act. The Court further finds that the ends of justice served by this delay outweigh the best interests of the public and the Defendant in a more speedy trial, because failure to allow this extension would deny counsel for the Defendant and United States the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006). The Court does not grant this continuance "because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).

Respectfully submitted,

| | |
|---|---|
| MICHAEL A. BENNETT | COREY R. AMUNDSON |
| United States Attorney | Chief, Public Integrity Section |
| Western District of Kentucky | Criminal Division, U.S. Department of Justice |
| | |
| */s/ Amanda E. Gregory* | */s/ Lauren Castaldi* |
| By: Amanda Gregory | By: Lauren Castaldi |
| Assistant United States Attorney | Trial Attorney |
| 717 West Broadway | 1301 New York Ave. NW |
| Louisville, KY 40202 | Washington, DC 20530 |
| Tel. (502) 582-5911 | Tel. (202) 305-4495 |
| amanda.gregory@usdoj.gov | lauren.castaldi@usdoj.gov |

## CERTIFICATE OF SERVICE

      I hereby certify that on October 18, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

*s/ Amanda E. Gregory*
Amanda E. Gregory
Assistant U.S. Attorney
