**FILED**
JAMES J. VILT, JR. - CLERK

JUL 19 2024

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                                                      CRIMINAL NO. 3:22-CR-33-BJB

QUINTEZ O. BROWN                                             DEFENDANT

## **PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by Michael A. Bennett, United States Attorney for the Western District of Kentucky, and the Public Integrity Section of the Criminal Division of the Department of Justice, and Defendant, Quintez Brown, and his attorneys, Rob Eggert, Patrick Renn, and Tricia Lister, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment in this case with violations of Title 18, United States Code, Sections 245(b)(1)(A) and 924(c)(1)(A). Defendant further acknowledges that the Indictment in this case seeks forfeiture of a Glock, model 17 Gen5, 9mm pistol with serial number BTZU357, and ammunition, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), by reason of the offense charged in Count Two of the Indictment.

2. Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3. The elements of a violation of 18 U.S.C. § 245(b)(1)(A) are:

**First**, that the Defendant used force or the threat of force as alleged in the indictment;

**Second**, that the Defendant injured, intimidated, or interfered with, or attempted to injure, intimidate, or interfere with the victim, Craig Greenberg;

**Third**, that the Defendant acted because Craig Greenberg was campaigning as a candidate for elective office in a primary election, or to intimidate Craig Greenberg from campaigning as a candidate for elective office in a primary election; and

**Fourth**, that the Defendant acted knowingly and willfully.

The Indictment further alleges that offense involved the use of a dangerous weapon and included an attempt to kill Craig Greenberg.

4. The elements of a violation of 18 U.S.C. § 924(c)(1)(A) are:

**First**: That the Defendant committed the crime charged in Count One. Interference with Federally Protected Activities is a crime of violence which may be prosecuted in a court of the United States.

**Second**: That the Defendant knowingly used or carried a firearm.

**Third**: That the use or carrying of the firearm was during and in relation to the crime charged in Count One.

The indictment further alleges that the firearm was brandished and discharged.

3. Defendant will enter a voluntary plea of guilty to Counts One and Two in this case. Defendant will plead guilty because he is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

On February 14, 2022, in Louisville, Kentucky, in the Western District of Kentucky, the Defendant walked into Craig Greenberg's campaign office and knowingly shot at Craig Greenberg multiple times with a Glock, model 17 Gen5, 9mm pistol with serial number BTZU357, a dangerous weapon. The Defendant

acted willfully, knowingly, and because Craig Greenberg was campaigning as a candidate for mayor of Louisville.

4. Defendant understands that the charges to which he will plead guilty carry a combined minimum term of imprisonment of 10 years and a combined maximum term of imprisonment of life, a combined maximum fine of $500,000, and up to a five-year term of supervised release. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charges to which he will plead guilty he will be ordered to forfeit a Glock, model 17 Gen5, 9mm pistol with serial number BTZU357, and ammunition pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), by reason of the offense charged in Count Two of the Indictment.

5. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

    A. If Defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt.

    B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence in his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    C. At a trial, Defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being

4

drawn from his refusal to testify. If Defendant desired to do so, he could testify in his own behalf.

8. Defendant understands that the United States has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

9. Defendant agrees that the amount of restitution ordered by the Court shall include Defendant's total offense conduct, and is not limited to the counts of conviction. The parties agree and stipulate that Defendant shall pay restitution in an amount to be determined. The parties agree that the restitution shall be ordered due and payable on the date of sentencing. Defendant agrees that any payment schedule imposed by the Court is without prejudice to the United States to take all actions available to it to collect the full amount of the restitution at any time. Restitution payments shall be made payable to the U.S. District Court Clerk at Gene Snyder Courthouse, 601 W. Broadway, Louisville, KY 40202. The restitution shall be paid to or on behalf of the following victim(s):

| Victim | Amount |
| --- | --- |
| TBD | TBD |

Defendant agrees that not later than 45 days from entry of the Plea Agreement, Defendant shall provide to the United States, under penalty of perjury, a financial disclosure form listing all Defendant's assets/financial interests. Defendant authorizes the United States to run credit bureau reports prior to sentencing, and Defendant will sign releases authorizing the United States to obtain Defendant's financial records. Defendant understands that these assets and financial

interests include all assets and financial interests in which Defendant has an interest, direct or indirect, whether held in Defendant's own name or in the name of another, in any property, real or personal. Defendant shall also identify all assets valued at more than $5,000 which have been transferred to third parties since the date of the first offense, including the location of the assets and the identity of the third party(ies). Defendant agrees that the United States may share the contents of the reports and financial disclosures with the Court and U.S. Probation.

Defendant agrees to submit to a deposition in aid of collection at times and places that the United States directs. If the Defendant has a financial advisor or accountant, Defendant agrees, at his expense, to make them available to aid the United States in determining Defendant's net worth. Defendant authorizes the United States to file notice of Lis Pendens prior to judgment on any real property Defendant owns either individually or jointly. Defendant agrees to his name and debt being added to the Treasury Offset Program.

Upon execution of the Plea Agreement, Defendant agrees not to transfer, sell, or secret any of Defendant's property, real or personal, held jointly, individually or by nominee/third party, valued at $5,000 or more without first advising the United States not less than 10 days before the proposed sale or transfer. Defendant agrees that failure to comply with any of the provisions of this Agreement constitutes a material breach of the Plea Agreement and Defendant agrees that the United States is relieved of its obligations under this Agreement and/or may not move the Court pursuant to U.S.S.G. §3E1.1(b) to reduce the offense level by one additional level, and may in its discretion argue to the Court that the Defendant should not receive a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. §3E1.1(a). However, the Defendant may not withdraw his guilty plea because of his breach.

10. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 30 and will pay the assessment in the amount of $200 to the United States District Court Clerk's Office by the date of sentencing.

11. At the time of sentencing, the United States and the Defendant agree to the following:

>   -The binding aspect of this Rule 11(c)(1)(C) plea agreement is that the sentence shall be in the range of 180 months to 217 months. Both parties are free to argue for any sentence in that range, including 180 months or 217 months.
>
>   -Both parties agree that any sentence should run concurrently to any sentence imposed in the state court case, *Commonwealth v. Quintez Brown*, Jefferson Circuit Court, Case No. 22-CR-599. Both parties also acknowledge this Court cannot bind the state court.
>
>   - The United States will recommend a reduction of 2 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a), and recommend a reduction of one additional level if the offense level is 16 or higher, as provided by §3E1.1(b), provided the Defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the Defendant will not be allowed to withdraw his plea.
>
>   -The parties agree the Defendant will forfeit a Glock, model 17 Gen5, 9mm pistol with serial number BTZU357, and ammunition.

12. Defendant agrees to the following waivers of appellate and post-conviction rights:

>   A. The Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a Defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742.

    B. The Defendant is aware of his right to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, Defendant knowingly and voluntarily waives any collateral attack argument; and

    C. The Defendant knowingly and voluntarily agrees to limit any motion for compassionate release for extraordinary and compelling reasons, pursuant to 18 U.S.C. §3582(c)(1)(A)(i), that the Defendant may file in the future to the grounds listed in USSG §1B1.13(b)(1)-(5). The Defendant knowingly and voluntarily waives the option to move for compassionate release based on any non-retroactive change in the law, including as provided for under USSG §1B1.13(b)(6) ("Unusually Long Sentence").

13. Defendant agrees to the forfeiture of any interest he or his nominees may have in the following assets which he owns or over which he exercises control:

A Glock, model 17 Gen5, 9mm pistol with serial number BTZU357, and ammunition.

14. By this Agreement, Defendant agrees to forfeit all interests in the properties listed in paragraph 13 above and to take whatever steps are necessary to pass clear title to the United States. These steps include but are not limited to surrender of title, the signing of a consent decree, a stipulation of facts regarding the transfer and basis for the forfeitures and signing any other documents necessary to effectuate such transfers.

15. Defendant agrees to a pre-plea investigation by the United States Marshal's Service for the purpose of assessing the value of each and every asset. Defendant agrees to undergo a full debriefing in order to accomplish this end.

16. Defendant agrees to waive any double jeopardy challenges that Defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Indictment. Defendant further agrees to waive any double jeopardy challenges that Defendant may have to the charges in this Indictment based upon any pending or completed administrative or civil forfeiture actions.

17. Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed. The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

18. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to Defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

19. The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

20. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning Defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of Defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service. Defendant further agrees to the entry of an order under Fed. R. Crim. P. 6(e) authorizing the use of documents in possession of the Grand Jury to be used during the Defendant's deposition as contemplated in paragraph 9 of this Agreement.

21. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

22. The Defendant understands and agrees that, consistent with the provisions of 18 U.S.C. § 3143, following the change of plea the Defendant may be detained pending sentencing.

23. If the Court refuses to accept this agreement and impose sentence in accordance with its terms pursuant to Fed. R. Crim. P. 11(c)(1)(C), this Agreement will become null and void and neither party shall be bound thereto, and Defendant will be allowed to withdraw the plea of guilty. Specifically, all of the United States' promises, including any consent to a plea to a lesser included offense or dismissal of other charges, are contingent on the district court's subsequent acceptance of this plea agreement.

24. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence. If Defendant argues for any sentence other than the one to which he has agreed, he is in breach of this Agreement. Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw his guilty plea because of his breach.

25. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky, the Criminal Division of the United States Department of Justice, and Defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made

to Defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

MICHAEL A. BENNETT
United States Attorney
By:

_____        7-19-24
Amanda E. Gregory                      Date
Assistant United States Attorney

COREY R. AMUNDSON
Chief, Public Integrity Section

By:

_____        7/19/24
Alexander B. Gottfried                 Date
Trial Attorney

    I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____        7/19/24
Quintez O. Brown                       Date
Defendant

    I am the Defendant's counsel. I have carefully reviewed every part of this Agreement with the Defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____        7/19/24
Rob Eggert                             Date
Patrick Renn
Tricia Lister
Counsel for Defendant

MAB:AEG

12