UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
(electronically filed)

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | Criminal Action No. 3:22-cr-033-BJB |
| QUINTEZ O. BROWN | DEFENDANT |

DEFENDANT'S SENTENCING MEMORANDUM

Comes the Defendant, Quintez Brown, through counsel, and offers the following memorandum for the sentencing scheduled for January 24, 2025. Mr. Brown was charged in a two-count Indictment with interfering with federally protected activities (under 18 USC 245(b)(1)(A)), and with discharging a firearm (under 18 USC 924(c)) in relation to that interference. Mr. Brown has accepted responsibility for his conduct in this matter. The parties have entered a plea agreement pursuant to Rule 11(c)(1)(C). The plea agreement between the parties is for a sentence in the range between 180 and 217 months. The parties have agreed to present arguments at sentencing regarding the appropriate sentence within that range.

Unresolved Guideline issue regarding 2H1.1.

There is an unresolved objection to the Guidelines regarding the civil rights offense in this matter that is highly relevant to the sentence calculation. The factual basis agreed to by the parties does not include an attempt to kill. At the Change of Plea, the United States agreed that they were not pursuing the statutory enhancement for attempt to kill. (See, Transcript, DN 181, PageID #: 1840). Mr. Brown submitted objections to the Guidelines being calculated with reference to attempted murder under 2H1.1(a)(1), and argued that instead the Base Offense Level should be 10. Mr. Brown did not agree that he was attempting to kill, nor has he agreed that he

attempted to cause any physical injury. The Guidelines for Assault also would not apply, as the Assault Guidelines include an intent to do physical harm to a person. Mr. Brown has not admitted to any such conduct. Using attempted murder as the Base Offense Level would result in a sentence at the top of the agreed-upon range.

<u>Sentence driven by 924(c) offense.</u>

Mr. Brown has admitted that he discharged a firearm. He regrettably committed a very serious offense in which, thankfully, no one was physically harmed. Admission of guilt to that offense comes with a mandatory ten-year sentence to run consecutive to the time for the civil rights offense. The question remaining is how much time must Mr. Brown serve for the civil rights offense.

<u>Sentence for the civil rights offense.</u>

> Whoever, whether or not acting under color of law, by force or threat of force willfully injures, intimidates or interferes with, or attempts to injure, intimidate or interfere with-
> (1) any person because he is or has been, or in order to intimidate such person or any other person or any class of persons from-- (A) voting or qualifying to vote, qualifying or campaigning as a candidate for elective office, or qualifying or acting as a poll watcher, or any legally authorized election official, in any primary, special, or general election;

18 U.S.C.A. § 245(b)(1)(A). Mr. Brown has admitted guilt to this offense and that he attempted to intimidate or interfere with the campaign of a candidate for mayor. He has maintained all along that he had a mental health crisis that caused him to undertake this violent action – it was extremely aberrant behavior for Mr. Brown and he deeply regrets it. The Guideline for this offense, as calculated without the attempt to kill, would result in a Guideline sentence of 0-6 months (which would run consecutive to the 924(c) sentence). Mr. Brown has instead agreed to a sentence of five to eight years for this offense. He has done so in recognition of the seriousness

of having fired multiple shots from a firearm at close range around several people. The great alarm and fear of the situation is recognized by Mr. Brown's acceptance of the agreed-upon range.

<u>Conduct was clearly aberrant for Mr. Brown.</u>

With this memorandum, Mr. Brown is filing multiple letters of support from people who know him well. The letters recognize that Quintez Brown is a remarkable young man who cares deeply about his community and has given much to his community. The tragedy of a mental health crisis has derailed his trajectory. Attached is also a report by a mitigation specialist who dug deep into the story of Quintez Brown to allow this Court to better see the person appearing before it. There is an overwhelming sense that, with proper mental health care, Mr. Brown will go on to a bright future, making the most of his time in prison, and ready to give back to his community as soon as he is released. He, himself, is committed to these goals.

<u>Request for Variance.</u>

Demonstrating the unusual nature of this case, Mr. Brown is asking for a variance, either downward or upward, depending upon the total offense level determined by the Court. Should the Court agree with the government that the attempted murder Guideline should be used, then Mr. Brown requests a downward variance under the sentencing factors listed in 18 USC 3553.

According to 3553(a), it is incumbent upon a district court to impose a sentence that is enough, but not more than necessary, to show the seriousness of the offense, to engender respect for the law, to be a just penalty, to deter such actions, to keep the public safe, and to provide the defendant with the most constructive care and training while in custody. *See* 18 U.S.C. § 3553(a)(2). In Mr. Brown's case, the primary question, when determining a sentence of between 15 and 18 years, is how much is sufficient, but not greater than necessary.

Mr. Brown has never been in trouble before, and was a compassionate, thoughtful member of the community with a lot of promise for the future. As a local community leader described him in her letter:

> When I first met Quintez through the Louisville Urban League, I met a star! A beacon of light, justice, and courage. At the time, Quintez was deeply involved in his community as a sophomore at DuPont Manual High School. He was balancing his education and community rooted extracurricular activities at the Louisville Urban League. I was instantly impressed by his charisma, character, and compassion. Quintez' sense of being likeable, justice oriented, and his great leadership made him stand out amongst his peers.

(Letter from Mahogany Mayfield, attached).

The attached letters show that people believe in successful treatment and rehabilitation for Mr. Brown – they still believe in his promise for the future. Mr. Brown respectfully requests the Court take the time to read each of the letters and the attached report; they tell an important and cohesive story about Quintez Brown and the loving support he has in the community.

Fifteen years in custody will be adequate time for Mr. Brown to get his mental health completely under control. He has already learned, through this crisis, that he has resources at hand and the support of a loving community; that taking care of his mental health is essential, and therapy is a useful tool. He is ready to lean into that support and move forward. The additional three years requested by the United States will not serve any purposes of sentencing. Fifteen years is sufficient to meet the goals.

If instead, the Court agrees with Mr. Brown that the Base Offense Level should not be calculated using the attempted murder Guideline, then Mr. Brown requests an upward variance to the agreed upon 15 years based on the 3553 factors in order to properly appreciate the nature of the offense. Any more than the 15 years would be greater than necessary

4

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C.A. § 3553.

WHEREFORE, Mr. Brown respectfully urges the Court to find that the requested 15-year sentence is sufficient, but not greater than necessary, punishment for his regrettable offenses.

**Respectfully Submitted,**

*/s/ Rob Eggert*
**ROB EGGERT**
600 West Main Street, Suite 100
Louisville, Kentucky 40202
(502) 540-5700

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this, the 15th day of January, 2025, the foregoing Memorandum was filed electronically with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

*/s/ Rob Eggert*
**ROB EGGERT**